Filed 12/30/15  P. v. Segundo CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUBEN SEGUNDO,<br><br>        Defendant and Appellant. | A143929<br><br>(Solano County<br>Super. Ct. No. FCR271077) |

Defendant Ruben Segundo appeals from an order denying his petition for resentencing under Proposition 47 in which he sought to reduce his felony conviction for receiving a stolen vehicle (Pen. Code,[1] § 496d) to a misdemeanor.  Because defendant has not met his burden to establish that the value of the stolen vehicle was $950 or less, he is ineligible for relief under Proposition 47.  Accordingly, we affirm.

**PROCEDURAL BACKGROUND**

In November 2009, defendant pleaded no contest to one count of receiving a stolen vehicle in violation of section 496d.  The vehicle is described in the complaint as a Mercedes Benz.  The court suspended imposition of sentence and placed defendant on three years of formal probation, with the condition that he serve 90 days in county jail.  In 2011, the court revoked defendant's probation and sentenced him to serve two years in state prison.

---

[1]All further statutory references are to the Penal Code.

1

In December 2014, defendant filed a petition for recall of his sentence and requested resentencing under section 1170.18, subdivision (a), which was enacted as part of Proposition 47 in 2014. He claimed that he would have been convicted of a misdemeanor instead of a felony if Proposition 47 had been in effect at the time he was convicted. At the hearing on defendant's petition, the court noted that defendant was not eligible for relief under Proposition 47 because the value of the stolen vehicle exceeded $950. Defendant's counsel argued that the only factual support for the vehicle's value, a police report estimating the value at $4,000, was inadmissible hearsay and not part of the record of conviction. At the conclusion of the hearing, the court denied the petition. Defendant timely appealed.

## DISCUSSION

On appeal, defendant argues that a person convicted of receiving a stolen vehicle under section 496d is eligible for relief under Proposition 47, even though that crime is not listed as one of the theft offenses to which Proposition 47 applies. He also argues that denying relief to a person convicted of receiving a stolen vehicle violates equal protection principles because relief is available to similarly situated persons who receive stolen property other than vehicles. As we explain, even if defendant's statutory and constitutional arguments were meritorious, he would nonetheless be ineligible for relief under Proposition 47 because he failed to establish that the value of stolen vehicle was $950 or less.

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug or theft offenses to misdemeanors unless an offense was committed by an otherwise ineligible defendant. (*Id.* at p. 1091.) Among other things, Proposition 47 amended section 496, the statute that makes it a crime to receive stolen property, to provide that the offense is a misdemeanor "if the value of the property does not exceed nine hundred fifty dollars ($950)," unless the offense was committed by a defendant who was required to register as a sex offender (§ 290) or had previously been convicted of one or more serious or violent felonies listed in section 667, subdivision

2

(e)(2)(C)(iv). (§ 496, subd. (a).) Proposition 47 did not amend section 496d, which makes it a crime to receive a stolen vehicle.

Proposition 47 also added a new resentencing provision, section 1170.18, which permits "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 [to] petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' " (*Id.* at p. 1093.)

In this case, defendant petitioned under section 1170.18 to have his felony conviction reduced to a misdemeanor. His claim rests on the premise that a person convicted of receiving a stolen vehicle under section 496d should receive the benefit of Proposition 47 even though the initiative measure did not amend that statute or list it among the theft statutes to which it applies. Even if his claim had merit, he would still need to establish that the value of the stolen property was $950 or less in order to be entitled to relief under Proposition 47. (See §§ 496, subd. (a), 1170.18, subd. (a).) As defendant concedes, there is nothing in the record of conviction establishing the value of the stolen vehicle.

Defendant contends it is not his burden to prove that the value of the stolen vehicle was $950 or less. Instead, he claims the prosecutor has the burden to establish that the property had a value in excess of $950.

Defendant's position has been rejected by two recent decisions of the California Court of Appeal. In *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*), the Court of Appeal for the Fourth Appellate District, Division One, held that a petitioner moving for relief under section 1170.18 has the burden to prove that the crime for which the petitioner was convicted would have been a misdemeanor after Proposition 47 went into effect. In *Sherow,* the petitioner failed to establish that his theft offenses involved property with a value of $950 or less. (*Id.* at p. 877.) Likewise, in *People v. Rivas-Colon*

3

(2015) 241 Cal.App.4th 444, Division Five of this court agreed with *Sherow* and concluded that a petitioner who failed to prove that the value of the stolen property was $950 or less did not meet the petitioner's burden to prove the facts upon which eligibility for Proposition 47 relief was based. (*Id.* at pp. 449–450.)

In *Sherow,* the court explained that it is important to bear in mind that a person seeking relief under section 1170.18 "was validly convicted under the law applicable at the time of the trial of the felony offenses." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) Consequently, arguments directed to principles regarding proof of guilt at the time of the initial prosecution are misplaced. (*Id.* at p. 880.) "[T]he resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid.*) According to the court in *Sherow,* "[i]t is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.) This conclusion is a natural corollary of the principle that " '[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' " (*Id.* at p. 879.)

Here, defendant presented no facts or evidence to show that the stolen vehicle was worth $950 or less. Instead, he relies upon the absence of evidence in the record of conviction concerning the vehicle's value to support his claim. But the lack of evidence is not surprising. The prosecutor had no obligation to prove that the stolen vehicle had a particular value in order to secure a felony conviction under section 496d. Defendant cannot now claim that the absence of evidence concerning a fact that was irrelevant at the time of conviction somehow entitles him to relief under Proposition 47. His conviction for the felony offense of receiving a stolen vehicle was valid at the time of his plea and remains so after the enactment of Proposition 47. It is his burden to establish otherwise.

Because defendant has failed to satisfy his burden to prove that the stolen vehicle was valued at $950 or less, it is unnecessary to address his statutory and constitutional arguments that purport to explain why a person convicted of receiving a stolen vehicle under section 496d is entitled to relief under Proposition 47. We also do not reach the

4

question of whether a court may consider police reports and other types of hearsay evidence in assessing whether stolen property has a value that would render a defendant eligible for relief under Proposition 47.

## DISPOSITION

The order denying defendant's petition for recall of sentence and request for resentencing under section 1170.18, subdivision (a) is affirmed.

5

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Jenkins, J.


*People v. Segundo*, A143929

6