Filed 1/11/16  P. v. Lawless CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KRISTOPHER WILLIAM LAWLESS,<br><br>    Defendant and Appellant. | F068445<br><br>(Super. Ct. No. BF144935A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Harry A. (Skip) Staley* and Gary T. Friedman, Judges.†

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*    Retired judge of the Kern County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

†    Judge Staley ruled on defendant's *Pitchess* motion; Judge Friedman presided over defendant's trial and imposed sentence.

A jury found defendant Kristopher William Lawless guilty of felony possession of methamphetamine (former Health & Saf. Code, § 11377, subd. (a), as amended by Stats. 2011, ch. 15, § 171), misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1), and misdemeanor hit and run involving property damage (Veh. Code, § 20002, subd. (a)).

On appeal, Lawless contends the trial court erred by failing to give a unanimity instruction in connection with the hit-and-run charge. He also requests the court review the sealed record to determine whether the trial court correctly ruled on his *Pitchess* motion.[1] Finally, he argues his conviction for possession of methamphetamine must be reduced to a misdemeanor under Proposition 47.

We affirm.

### *PROCEDURAL HISTORY*

The Kern County District Attorney filed a 10-count information against Lawless based on three separate incidents. Lawless was charged with attempted murder (Pen. Code,[2] §§ 664, 187, subd. (a); count 1), aggravated mayhem (§ 205; count 2), torture (§ 206; count 3), criminal threats (§ 422; count 4), corporal injury to a cohabitant (§ 273.5, subd. (a); count 5), and assault with a deadly weapon (§ 245, subd. (a)(1); count 6), based on events alleged to have occurred October 29, 2012. He was charged with possession of methamphetamine (former Health & Saf. Code, § 11377, subd. (a); count 7) and possession of drug paraphernalia (Health & Saf. Code, § 11364.1; count 8), alleged to have occurred November 1, 2012. He was charged with spousal battery (§ 243, subd. (e)(1); count 9) and hit and run (Veh. Code, § 20002, subd. (a); count 10), alleged to have occurred October 4, 2012.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

[2] Further statutory references are to the Penal Code unless otherwise noted.

A jury found Lawless guilty of count 7 (possession of methamphetamine), count 8 (misdemeanor possession of drug paraphernalia), and count 10 (misdemeanor hit and run). He was found not guilty of counts 1, 2, 4, and 6. The jury was unable to reach a verdict on counts 3, 5, and 9 and the lesser included offenses applicable to counts 1 and 2. The court declared a mistrial as to those charges.

For count 7, then a felony, the trial court suspended imposition of sentence and granted Lawless probation for a period of three years, ordering him to serve one year in county jail. Lawless was sentenced to 90 days in county jail for each of counts 8 and 10 to be served concurrently with count 7.

## DISCUSSION

### I. Failure to instruct on unanimity

In count 10, Lawless was charged with misdemeanor hit and run resulting in property damage, a violation of Vehicle Code section 20002, subdivision (a). He argues the trial court committed reversible error by failing to instruct the jury sua sponte on unanimity because the prosecution presented two factual theories of liability and the jury was instructed on both theories. We find no reversible error.

#### A. Law of hit and run

Vehicle Code section 20002, subdivision (a), requires "[t]he driver of any vehicle involved in an accident resulting only in damage to any property, including vehicles" to "immediately stop the vehicle at the nearest location that will not impede traffic or otherwise jeopardize the safety of other motorists" and to locate the owner or person in charge of the damaged property. The driver must provide his or her name and address and present his or her driver's license and vehicle registration upon request. (*Id*., subd. (a)(1).)

Lawless does not dispute that a "driver" for purposes of Vehicle Code section 20002 includes an owner of a vehicle involved in an accident when the owner is also riding as a passenger in the vehicle at the time of the accident. (See *People v. Rallo*

3.

(1931) 119 Cal.App. 393, 397 [for purposes of a prior hit-and-run statute, "the owner of a machine who is riding therein having the control of its operation at the time of an accident may be deemed to be the driver thereof"].)

The jury in this case was given two instructions on Vehicle Code section 20002. First, the jury was instructed that Lawless could be liable for hit and run as the actual driver if the evidence showed, "[w]hile driving, the defendant was involved in a vehicle accident." (CALCRIM No. 2150.) Second, Lawless could be liable as an owner-passenger if the evidence showed "[t]he defendant owned and was riding as a passenger in a vehicle involved in an accident." (CALCRIM No. 2151.) Under both the actual driver and owner-passenger instructions, the jury was also required to find the accident caused damage to someone else's property, the defendant knew that he or she had been involved in an accident that caused property damage, and the defendant willfully failed to perform the duties to stop and provide certain information to the owner of the damaged property.

## B.   *Evidence and argument at trial*

Ashley Bates testified that she dated Lawless from August to November 2012. On October 4, 2012, Bates was driving Lawless's car to meet some friends at a bowling alley; Lawless was a passenger in his own car. At a stoplight, Bates read a text message and then cursed. Lawless was praying at the time. He thought Bates was being disrespectful while he was praying, and he became angry and aggressive. Lawless grabbed her hair and pulled her head back so she could not see the road. He tried to pull the steering wheel to the right, Bates grabbed the wheel with both hands trying to prevent him from pulling the car to the right, and they "ended up hitting a parked car."

Bates testified, "After I had hit the car, he pushed me out of the driver's seat and out of the car, jumped into the driver's seat, and backed up and drove away and left me there." According to Bates, when Lawless backed up, he hit a fence.[3]

Lawless testified in his own defense. He agreed with Bates that, on the day of the accident, Bates was driving his car to a bowling alley. Lawless and Bates were arguing in the car, and he said, "let's pray." Bates started cussing, he became upset again, and they continued arguing. According to Lawless, Bates turned off the road and accelerated into a car in a driveway. She hit the parked car, and Lawless "thought she was trying to kill [him]." He testified, "She got out of the car, and I jumped into the driver's seat and drove off." He said, "It didn't feel right, but I thought since she was the one that was in the accident that—and she was staying, that—you know, I just didn't want to be there. The car was new. I hadn't registered it yet in my name and I was afraid I was going to get it impounded."

In her closing statement, the prosecutor explained to the jury that there were two jury instructions on count 10, hit and run. She argued that Lawless was guilty of the offense as "a non-driver, a passenger in control" because he was a passenger in the car, he knew he had been involved in an accident that caused property damage, and he left. In addition, the prosecutor observed there were "two parts in this particular crash," and Lawless could also be found guilty of hit and run "as the driver when he hit the fence and took off."

In his closing statement, defense counsel did not dispute the hit-and-run charge. Instead, he told the jury, "So Count 10, good news for [the prosecutor], I think it would

---

**3** The owner of the vehicle hit by Lawless's car also testified that the accident "wiped out my fence and hit my truck." He was in his house watching television when he heard a noise. He went outside and saw a red vehicle speeding away and a girl across the street who was hysterically crying.

be fair to conclude that [Lawless is] probably guilty of Count 10 beyond a reasonable doubt, misdemeanor hit-and-run."

### C. Analysis

"In a criminal case, a jury verdict must be unanimous. [Citations.] … Additionally, the jury must agree unanimously the defendant is guilty of a *specific* crime. [Citation.] Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act. [Citations.]" (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.)

"This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.]" (*People v. Russo*, *supra*, 25 Cal.4th at p. 1132.) "For example, where the evidence proved several distinct episodes, any of which could have supported the defendant's conviction of a single count of bribery, a unanimity instruction was required. [Citation.] Similarly, a unanimity instruction was required where the defendant was charged in one count with passing 35 bad checks, because each check represented a potentially separate and independent offense, creating the possibility the jury might not have unanimously agreed that the defendant committed any single offense. [Citation.]" (*People v. Sutherland* (1993) 17 Cal.App.4th 602, 612.)

Lawless argues that, because the prosecutor presented two factual theories for liability on count 10 and the jury was instructed on both theories, the trial court was required sua sponte to instruct the jury that it must unanimously agree on the specific act that formed the basis for its verdict. We are not convinced. Bates and Lawless agreed with each other on the following facts: (1) the car belonged to Lawless, (2) he was a passenger in the car when it was involved in an accident involving a parked vehicle, and (3) after the accident, Lawless drove off in his car without stopping or providing

identifying information to the owner of the parked vehicle that had been hit. In addition, Bates testified that Lawless hit a fence when he backed up and drove off, and there was corroborating witness testimony that the parked vehicle and fence were damaged by Lawless's car.

This evidence did not suggest two separate episodes that *independently* supported count 10. A juror who believed either of the witness's testimony would have found Lawless guilty of count 10 under the theory of owner-passenger liability. A juror who accepted all of Bates's testimony, *in addition*, would have found Lawless guilty of hit-and-run as the actual driver because he damaged the fence when he backed into it. However, in no case could a reasonable juror have determined that Lawless was guilty as the actual driver but not guilty as an owner-passenger. In other words, any juror who found Lawless guilty under the actual-driver theory would necessarily have found him guilty under the owner-passenger theory, too, because there was no dispute that Lawless owned the car and was a passenger during the accident in which the parked car was damaged and there was no dispute that he left without providing the required information. Thus, there was no risk that the jury would convict Lawless of count 10 without agreeing on a single criminal act that Lawless committed. To find Lawless violated Vehicle Code section 20002 based on the evidence presented, the jury had to determine he was guilty as an owner-passenger. Consequently, there was no need to give the jury a unanimity instruction with respect to count 10.

Alternatively, if we assume a unanimity instruction should have been given, the error was harmless for the reason we have just explained. The guilty verdict for count 10 means the jury must have unanimously found that Lawless was guilty of hit and run under the owner-passenger theory because, given the testimony, any reasonable juror who found him guilty as the actual driver would also have found him guilty as the owner-passenger. Accordingly, any error in failing to give a unanimity instruction was harmless beyond a reasonable doubt. (See *People v. Thompson* (1995) 36 Cal.App.4th 843, 853

[reviewing failure to give a unanimity instruction under *Chapman*'s harmless error standard of harmless beyond a reasonable doubt], citing *Chapman v. California* (1967) 386 U.S. 18, 24, and *People v. Deletto* (1983) 147 Cal.App.3d 458, 471.)

## II.     Pitchess *motion*

*Pitchess* motions are governed by Evidence Code sections 1043 through 1047 and Penal Code sections 832.5, 832.7, and 832.8.  When a defendant seeks discovery from a peace officer's personnel records, he or she must file a written motion that satisfies certain prerequisites and makes a preliminary showing of good cause.  If the trial court determines that good cause has been established, the custodian of records brings to court all documents that are "'potentially relevant' to the defendant's motion." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226 (*Mooc*).)  The trial court examines these documents in-camera and, subject to certain limitations, discloses to the defendant "'such information [that] is relevant to the subject matter involved in the pending litigation.' [Citation.]" (*Ibid.*; see Evid. Code, § 1045.)  The ruling on a *Pitchess* motion is reviewed for an abuse of discretion.  (*People v. Hughes* (2002) 27 Cal.4th 287, 330.)

Before trial, Lawless filed a *Pitchess* motion seeking information on "people who have filed complaints related to dishonesty, false report writing, intimidation and harassment on the part of [Officer Rex Davenport] within the last five years."  The trial court conducted an in-camera review of the officer's personnel records and identified one citizen complaint as relevant.  The court ordered the name and contact information of the complainant to be produced subject to a protective order.  On appeal, Lawless asks this court to review the record to ensure the trial court complied with the procedures suggested by our Supreme Court in *Mooc*, *supra*, 26 Cal.4th 1216, and to review the sealed documents to determine whether the trial court abused its discretion.

In this case, the court reporter transcribed the in-camera hearing, and we have independently reviewed the sealed transcript.  The custodian of records for the Bakersfield Police Department's Internal Affairs Division was duly sworn and testified

that he looked in "places where there might be documents responsive to [Lawless's] motion." He brought to court "*all* the citizen complaints and internal affairs investigations" for Officer Davenport as well as the officer's personnel file. (Italics added.) The trial court described the documents it reviewed. The documents were copied, and the copies were retained by the court in a sealed file. It appears to us, therefore, that the trial court and custodian of records complied with the procedures described in *Mooc*. (*Mooc*, *supra*, 26 Cal.4th at pp. 1229–1230 & fn. 4 [court reporter should be present, representative of the custodian of records is placed under oath in the in-camera hearing, the custodian "should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record," copies of all documents should be sealed, and the trial court should make a record of what documents it examined].)

We have also independently reviewed the sealed documents. We find no abuse of discretion in the trial court's determination that the only discoverable information in the record related to a single citizen complaint. As a result, we uphold the ruling on the *Pitchess* motion.

## II.     *Proposition 47*

In 2013, the jury convicted Lawless of count 7, felony possession of methamphetamine in violation of former Health and Safety Code section 11377, subdivision (a), and the trial court ordered Lawless to serve probation on count 7. The following year, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect November 5, 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reclassified certain drug- and theft-related offenses (including violation of Health & Saf. Code, § 11377) as misdemeanors, except for certain ineligible defendants. (*People v. Rivera*, *supra*, at p. 1091.)

In addition, Proposition 47 added section 1170.18, which provides a mechanism for a person serving a felony sentence for a reclassified offense to petition for a recall of

his or her sentence. Under section 1170.18, subdivision (a), "[a] person currently serving a sentence for a conviction" of a felony "who would have been guilty of a misdemeanor under [Proposition 47] … had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with," among other statutes, Health and Safety Code section 11377, as amended by Proposition 47.

On appeal, Lawless argues Proposition 47 operates retroactively and, thus, his conviction on count 7 must be reduced to a misdemeanor because the judgment in this case is not final. We disagree.

Section 3 provides, "No part of [the Penal Code] is retroactive, unless expressly so declared." "[T]he language of section 3 erects a strong presumption of prospective operation, codifying the principle that, 'in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature ... must have intended a retroactive application.' [Citations.]" (*People v. Brown* (2012) 54 Cal.4th 314, 324 (*Brown*).)

There is, however, "an important, contextually specific qualification to the ordinary presumption that statutes operate prospectively," recognized by our Supreme Court in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Brown*, *supra*, 54 Cal.4th at p. 323.) This exception to the presumption that new statutes operate prospectively only has been stated as follows: "When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*Ibid*., fn. omitted, citing *Estrada*, *supra*, at pp. 742–748.)

"The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793,

fn. omitted.) In *People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 (*Yearwood*), we held the rule of *Estrada* did not apply to Proposition 36, which changed the requirements for sentencing a defendant as a third strike offender under the Three Strikes law. Proposition 36 also added section 1170.126, which provides a procedure for a prisoner serving an indeterminate life sentence imposed pursuant to the Three Strikes law for a crime that would not have subjected the prisoner to a life sentence under Proposition 36 to file a petition for recall of sentence and resentencing in accordance with the Three Strikes law as amended by Proposition 36. (§ 1170.126, subd. (b).) We held the *Estrada* rule did not apply and Proposition 36 was not retroactive "because section 1170.126 operates as the functional equivalent of a saving clause." (*Yearwood*, *supra*, at p. 172.) We explained, "The voters intended a petition for recall of sentence to be the sole remedy available under [Proposition 36] for prisoners who were serving an indeterminate life sentence imposed under the former three strikes law on [Proposition 36's] effective date without regard to the finality of the judgment." (*Ibid*.)

It has been observed that "'[T]he basic structure of Proposition 47 is strikingly similar to Proposition 36' and 'much of the appellate interpretation of Proposition 36 is likely relevant in the interpretation of Proposition 47.' [Citation.]" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 452, fn. 4.) We further observe that the procedure of petitioning for a recall of sentence provided by section 1170.18, subdivision (a), of Proposition 47 is strikingly similar to the petition procedure of section 1170.126, subdivision (b), of Proposition 36. Following our reasoning in *Yearwood*, we conclude section 1170.18 operates as the functional equivalent of a saving clause, the *Estrada* rule does not apply, and Proposition 47 does not operate retroactively.[4]

---

[4]  The question of the retroactivity of Proposition 47 is currently before the California Supreme Court. (*People v. Dehoyos*, review granted Sept. 30, 2015, S228230.)

In his reply brief, Lawless argues for the first time that he is precluded from using the petition procedure of section 1170.18, subdivision (a), because he is not "'currently serving' a felony sentence" for count 7. We question Lawless's assumption that he would be barred from seeking any relief at the trial court level and, in any event, it does not follow from this assumption that he would be entitled to relief from this court in the first instance. Proposition 47 is not retroactive, and Lawless provides no authority to support his request that we reduce his conviction in count 7 to a misdemeanor.

### *DISPOSITION*

The judgment is affirmed.


_____
                                                                                        KANE, J.

WE CONCUR:


_____
LEVY, ACTING P.J.


_____
POOCHIGIAN, J