Filed 1/26/16  P. v. Seberry CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062849 |
| v. | (Super.Ct.No. FVA1300172) |
| ROBERT SEBERRY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan J. Beale, and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Robert Seberry appeals from an order denying his petition to reduce his conviction for felony receipt of stolen property (Pen. Code, § 496, subd. (a))[1] to a misdemeanor pursuant to Proposition 47.  On appeal, he argues that (1) the trial court erred in denying his petition because his conviction for receipt of stolen property qualified for relief; (2) there was no admissible evidence that the value of the property exceeded the statutory maximum of $950, but the receipt established the value was well within the maximum; and (3) his prior manslaughter conviction did not disqualify him for relief.  For the reasons explained below, we affirm the order without prejudice.

I

FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, defendant went to a recycling center in Fontana and turned in a bundle of telecommunications wiring for recycling.[2]  The wiring was stolen from Verizon and weighed approximately 176 pounds.  Verizon priced it at about $2,000.  The recycling center gave defendant $185.43 in exchange for the wiring.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] This court granted defendant's motion to augment the record in part to include the preliminary hearing transcript in an order dated June 30, 2015.

Defendant also sought to augment the record to include the January 26, 2013 police report pertaining to the charges.  In the June 30, 2015 order, this court deemed exhibit B as a request for judicial notice, and reserved ruling for consideration with the appeal.  Because exhibit B, the police report, is relevant to the issues on appeal, we will grant the request.

On April 28, 2014, an information was filed charging defendant with receipt of stolen property (§ 496, subd. (a)). It was further alleged that defendant had suffered a prior strike conviction for voluntary manslaughter (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). On May 16, 2014, defendant pled no contest to the charge and admitted the prior strike conviction. At the plea hearing, the defense stipulated to a factual basis for the plea contained in the preliminary hearing transcript, which listed the value of the wire as $2,000.[3] The trial court found a factual basis for the plea and admission and sentenced defendant to two years eight months in state prison.[4]

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

Defendant subsequently filed a habeas petition, which the trial court deemed a petition for resentencing under Proposition 47.

---

[3] The defense also stipulated to defendant's criminal history to determine a factual basis for the admission of the prior strike conviction.

[4] We note that the court retained jurisdiction as to restitution and that a restitution hearing was set for June 18, 2014, and continued to July 18, 2014. A minute order from the July 18, 2014 hearing indicates that the court had read and considered a memorandum from the probation department dated July 11, 2014, and that the "[c]ourt retains jurisdiction on issue of restitution pursuant to PC1202.46." The record does not include the amount of restitution claimed by the victim, or if victim restitution was ever ordered.

On December 12, 2014, following a hearing, the trial court considered and denied defendant's petition, finding defendant did not qualify for relief. Defendant filed a timely notice of appeal from that order on February 2, 2015.

II

DISCUSSION

Defendant urges us to reverse the order denying his petition for resentencing and remand the matter for further proceedings, arguing that the trial court erred in finding him ineligible for resentencing under Proposition 47. Specifically, defendant argues (1) his conviction for receipt of stolen property qualified for relief; (2) there was no admissible evidence the value of the stolen property exceeded the statutory maximum of $950, but the receipt established the value was within that maximum; (3) defendants have a due process right to respond to evidence relied on by the People to deny relief under Proposition 47; (4) the People failed to meet their burden of establishing the stolen wire received by defendant had a value in excess of $950; and (5) if the People attempt to argue on appeal his 2001 manslaughter conviction disqualified him from obtaining relief under Proposition 47, this court should reject the argument because the voters did not intend to disqualify those convicted of manslaughter. Because defendant failed to meet his initial burden of proving his eligibility for resentencing under Proposition 47, we reject defendant's contentions and there is no need to address all of his points on appeal.

4

When interpreting a voter initiative, we apply the same principles that govern statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686.) We first look " 'to the language of the statute, giving the words their ordinary meaning.' " (*Id*. at p. 685.) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid*.) If the language is ambiguous, we look to the " 'voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' " (*Ibid*.)

As previously noted, on November 4, 2014, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. (*People v. Rivera*, *supra*, at p. 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. Under sections 1170.18, subdivision (a), and 490.2, receiving stolen property (§ 496, subd. (a)) is an offense that qualifies for resentencing if the value of the property is less than $950. Section 1170.18, subdivision (b), provides in part: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)."

5

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the court observed that "Proposition 47 does not explicitly allocate a burden of proof." (*Id*. at p. 878.) The court stated that "applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing" (*ibid*) and therefore must "show the property loss . . . did not exceed $950 and thus fell within the new statutory definition of shoplifting." (*Id*. at p. 877.) The court noted the well-settled principle that " ' "[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting" ' " (*id*. at p. 879) and explained, " '[t]he petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18[, subdivision] (a): *i.e*., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, . . . or 496, the petitioner will have the additional burden of proving the value of the property did not exceed $950.' " (*Sherow*, *supra*, at p. 879, quoting Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (Feb. 2015) <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 11, 2015] p. 40.) The court further noted, "It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Sherow*, at p. 878; accord, *People v. Rivas-Colon*

6

(2015) 241 Cal.App.4th 444, 449.) We believe the court in *Sherow* reached the correct result on the issue, and we adopt the analysis and conclusion of that court.

In *Sherow*, the court explained that it was entirely appropriate, fair, and reasonable to allocate the initial burden of proof to the petitioner to establish the facts upon which eligibility is based because the defendant knows what items he possessed. In the instant case, defendant knows what items he possessed. Thus, "[a] proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

Here, defendant's petition gave the trial court no information on the value of the property. He has thus failed to show his eligibility for resentencing. (*People v. Rivas-Colon*, *supra*, 241 Cal.App.4th at pp. 449-450; § 1170.18, subd. (b) ["the court shall determine whether the petitioner satisfies the criteria in subdivision (a)"] & subd. (g) [court must designate the offense as a misdemeanor "[i]f the application satisfies the criteria"]; Evid. Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting"].) As such, the court properly denied defendant's resentencing petition.[5]

---

   [5] Having reached this result, we need not consider defendant's arguments that his due process rights were violated, or that the court could rely on the police report and the recycling center receipt when determining the value of the stolen property. We express no opinion on what evidence the trial court may consider when ruling on a petition for resentencing brought pursuant to section 1170.18.

III

DISPOSITION

The order denying defendant's petition for resentencing on his receiving stolen property conviction (§ 496, subd. (a)) is affirmed without prejudice.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:


McKINSTER

J.


CODRINGTON

J.