Filed 3/8/16  P. v. Santamaria CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDGAR SANTAMARIA,<br><br>    Defendant and Appellant. | D068307<br><br><br>(Super. Ct. No. SCD254710) |

APPEAL from an order of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Edgar Santamaria entered into a plea agreement in which he plead guilty to one count of receiving stolen property (Pen. Code,[1] § 496, subd. (a)), and one count of threating a public officer (§ 71), as a misdemeanor. The remaining counts and allegations were dismissed.

In October 2014, Santamaria was sentenced to a split term of three years, with two years to be served in local custody and one year in mandatory supervision.

In May 2015, Santamaria filed a petition under Proposition 47 (§ 1170.18) requesting that his conviction for receiving stolen property be redesignated as a misdemeanor. Following briefing and a hearing the motion was denied.

Santamaria appeals contending the trial court erred in denying his petition. Although he conceded in the trial court that the burden of proof as to the value of the stolen items was on him, he now contends the burden of proof was on the prosecution. Santamaria also argues that the only material which can be considered in ruling on a petition such as this is the record of conviction.

Santamaria recognizes this court and others have determined that the burden of proof as to eligibility for relief under section 1170.18 is on the petitioner, however he argues the cases reaching that decision were wrongly decided.

We will adhere to our previous holding that the initial burden of establishing the value of the stolen property lies with the petitioner. We will also conclude that the issue of the manner of proof of value is not properly before us on this appeal. The prosecution

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

did not offer any evidence in the trial court and the merits of the petition were resolved on the petitioner's failure to show that the value of the items he possessed was less than $950. Accordingly, we will affirm the trial court's decision.

## STATEMENT OF FACTS

The parties did not present any evidence at the hearing on the petition to redesignate the conviction as a misdemeanor. The original conviction followed a guilty plea, so there are no "facts" to recite in this section.

It is sufficient to note there was a substantial amount of stolen property in his possession. The items included four GPS devices, two men's wrist watches, four pairs of sunglasses, two iPods, one Alcatel cell phone, one Samsung Galaxy cell phone with case, one iPhone with case, numerous CDs/DVDs, one necklace, and one garage door opener, among other items.

At the hearing Santamaria took the position that filing the petition, and the transcript of the preliminary hearing at which there was no testimony as to value, satisfied his burden of demonstrating eligibility, i.e., that the value of the items did not exceed $950.

## DISCUSSION

At the hearing on Santamaria's petition, counsel conceded that the burden of proof that he qualified for relief was on the petitioner. Counsel argued, however, that since the transcript of the preliminary hearing did not include evidence of the value of the stolen items, he had met his burden. Specifically, the argument was the absence of evidence in the record established the value of the stolen items was less than $950. The trial court

3

rejected the argument and concluded Santamaria had failed to show he qualified for redesignation of his offense as a misdemeanor. We agree.

A. Legal Principles

On November 4, 2014, the voters enacted Proposition 47 (the Safe Neighborhoods and Schools Act), which is codified in section 1170.18. The act prospectively declares certain drug and theft related offenses to be misdemeanors. Retrospectively, the act provides a mechanism for convicted persons to seek redesignation of certain felony offenses to misdemeanors, where the value of the items taken was less than $950. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Section 1170.18, provides in part:

> "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

> "(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to . . . Section . . . 496 [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

> [¶] . . . [¶]

4

"(i)  The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

Section 1170.18 does not specify a burden of proof for petitioners who seek retrospective redesignation of their offenses.  Thus, in *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*), this court determined that a petitioner who seeks to have his or her offense reduced on the basis of value less than $950 bears the initial burden of proof that the person's offense qualifies for such relief.  Based upon our analysis of the language authorizing the petitions for relief, the absence of a stated burden of proof in the act, and the general principles of burdens established by Evidence Code section 500, we concluded the burden to establish eligibility for relief falls on the petitioner.

Since our opinion in *Sherow*, *supra,* 239 Cal.App.4th 875, the First District Court of Appeal, in *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450 (*Rivas-Colon*), agreed with our decision and also concluded the burden is on the petitioner under section 1170.18 to establish his or her eligibility for relief.

## B.  Analysis

Appellate counsel argues that *Sherow*, *supra,* 239 Cal.App.4th 875 and *Rivas-Colon, supra,* 241 Cal.App.4th 444, were wrongly decided and that we should revisit the issue of burden of proof under Proposition 47.  The argument is largely based on counsel's comparative analysis of Proposition 36 (§ 1170.126), the Three Strikes Law reform measure.  The argument is perhaps summarized as Proposition 36 is worded

5

similarly to Proposition 47 (although not identical), the burden of proof as to lack of eligibility is on the prosecution (*People v. Bradford* (2014) 227 Cal.App.4th 1322), therefore the burden of proof under Proposition 47 ought to be on the prosecution.

First, we are satisfied that the three courts that have examined the Proposition 47 burden of proof were correct, and we decline to visit the issue again. Also, we find the nature of the propositions to be different. While both provide prospective and retrospective modifications of existing law, their scope and methodology are different.

Under Proposition 36 it is the nature of the conviction which drives the outcome of postconviction relief. If the person has not been convicted of a serious felony as the current offense, the person is not eligible for a life term, unless there are exceptions, which the prosecution must prove.

In cases such as this, the issue is not the conviction, which is otherwise valid as a felony. The question in theft cases such as this is the property value, which, like the present case, was irrelevant for the underlying conviction. Thus the person filing the petition seeks to undermine the conviction by contending the value of the property at issue was under $950. The cases which have discussed this question construe the requirement on the section for the petitioner to show eligibility as logically putting the burden on the person most likely to know what he or she had stolen, or received. In short, the proposed comparative analysis does not dissuade us from our conclusion in *Sherow, supra,* 239 Cal.App.4th 875.

Santamaria did not present any evidence as to the value of the many items of stolen property in his possession. The so-called silence in the transcript of the

6

preliminary examination about value, an issue irrelevant at the time, is not evidence that the value of the accumulated stolen property is less than $950. Thus appellant has not met his initial burden of establishing eligibility for relief.

Finally, appellate counsel invites us to opine on the question of how to meet the burden of proof. He contends the prosecution not only bears the burden, but is limited to the "record of conviction" as that term is used in the analysis of alleged prior felony convictions. (*People v. Guerrero* (1988) 44 Cal.3d 343, 355.)

While the issue may be fascinating and have relevance in another case, it is not before us for decision. There was mention of the concept by defense counsel in the trial court, however, there was never any ruling predicated on the scope of admissible evidence. The defense was not limited in any offer of proof and the prosecution did not offer any evidence. Accordingly, whatever view we might take on the scope of admissible evidence at some point has no bearing on our determination of whether the trial court correctly denied the petition for relief under Proposition 47. We decline to offer an advisory opinion on an undeveloped issue. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.)

DISPOSITION

The order denying the petition under section 1170.18 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

8