Filed 4/7/16  P. v. Rude CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RYAN E. RUDE, <br><br> Defendant and Appellant. | D069020 <br><br> (Super. Ct. No. RIF1206689) |

APPEAL from an order of the Superior Court of Riverside County, Judith C. Clark, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearances for Plaintiff and Respondent.

In 2013, a jury convicted Ryan E. Rude of numerous counts of grand theft, securities fraud and offering and selling unqualified securities.  The trial court sentenced him to 26 years and four months in prison.  In 2015, Rude filed a petition to reduce his conviction for grand theft in counts 17, 39, 46 and 52 to a misdemeanor under

Proposition 47, the Safe Neighborhoods and Schools Act, Penal Code section 1170.18. (Undesignated statutory references are to the Penal Code.) (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).) The trial court denied the petition on the ground he was ineligible for statutory relief as the loss on each count "exceed[ed] $950." Rude timely appealed.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. He presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel listed as possible but not arguable issues, whether the evidence in the record on file as to counts 17, 39, 46, and 52 proved the value of the grand theft as to each of these counts exceeded $950 and rendered Rude ineligible for relief under section 1170.18. Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. We also granted Rude permission to file a brief on his own behalf. More than 30 days elapsed, and we received no communication from Rude.

Proposition 47 created a resentencing provision, codified at section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Proposition 47 provides, in part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the

2

offense may petition for a recall of sentence . . . to request resentencing in accordance with . . . Section . . . 490.2 . . . of the Penal Code, as those sections have been amended or added by this act."  (§ 1170.18, subd. (a).)  Section 490.2 redesignates as misdemeanors any convictions under section 487 or "any other provision of law defining grand theft" if "the value of the . . . property taken does not exceed" $950.

At the hearing on his petition, Rude did not present evidence demonstrating that the value of the stolen property was less than $950.  Thus, Rude did not meet his burden of proof as to eligibility for relief under Proposition 47.  (*People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449.)  In any event, the record amply showed that the value of the personal property Rude took from each victim exceeded $950.

As to the four grand theft counts at issue, the information alleged that Rude stole personal property from Mark Singer, Patricia Ellen Kirwin, Brian Schrieber and Steven Zorn valued, respectively, at $50,000, $50,000, $40,000 and $45,000.  At the sentencing hearing, counsel agreed as to the amount of restitution owed to each victim.  Thereafter, the trial court awarded restitution to the victims in the following amounts:  Singer $50,000; Kirwan $450,000; Schrieber $40,000; and Zorn $350,000.  On this record, we are satisfied that Rude's convictions on counts 17, 39, 46, and 52 were not for theft of property under the value of $950.  Accordingly, the trial court properly denied Rude's petition for recall of sentence because Rude was not statutorily eligible for relief under section 1170.18.

We examined the entire record to determine if there are any other arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal. Competent counsel has represented Rude on this appeal.

DISPOSITION

The order is affirmed.

McINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

PRAGER, J.*

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.