Filed 10/16/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

      **Plaintiff and Respondent,**

      v.

**JOSEPH RIVAS-COLON,**

      **Defendant and Appellant.**

_____/

**A144390**

**(San Francisco County
Super. Ct. No. SCN222197)**

Appellant Joseph Rivas-Colon pled guilty to felony second degree commercial burglary (Pen. Code, § 459)[1] and the trial court placed him on probation. Rivas-Colon later petitioned for resentencing pursuant to section 1170.18 and section 459.5, subdivision (a), which classifies shoplifting as a misdemeanor where the value of the property taken or intended to be taken does not exceed $950. The court denied the petition, concluding Rivas-Colon was not eligible for resentencing because the value of the property exceeded $950.

Rivas-Colon appeals. He contends the court erroneously denied his resentencing petition because: (1) the prosecution, not the defendant, has the burden of proof on a petition for resentencing brought pursuant to section 1170.18; (2) the court erred by considering the police report and store receipt when determining his eligibility for resentencing; and (3) he had a right to a jury trial on the value of the property.

We affirm.

---

[1]    Unless noted, all further statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

According to the probation report, San Francisco police officers received a "theft call" in June 2013 and went to the NFL Shop at Pier 39 (store). Witnesses reported Rivas-Colon entered the store with his own bag and filled it with several items totaling $1,437.74. The security alarm sensors activated when Rivas-Colon attempted to leave the store, prompting Rivas-Colon to empty his bag and ask the staff not to call the police. Police officers arrested Rivas-Colon.

The People charged Rivas-Colon with second degree burglary (§ 459), grand theft of personal property (§ 487, subd. (a)), and receiving stolen property (§ 496, subd. (a)). In late 2013, Rivas-Colon pled guilty to second degree commercial burglary. At the plea hearing, the defense stipulated to a factual basis for the plea contained in the police report, which listed the value of the value of the property as $1,437.74. The court found a factual basis for the plea and Rivas-Colon's admission and placed Rivas-Colon on probation. In December 2014, Rivas-Colon petitioned for resentencing pursuant to sections 1170.18 and 459.5.

In opposition, the People argued Rivas-Colon was ineligible for resentencing because he stole $1,437.74 from the store. The opposition attached the police report and a store receipt, both of which listed the value of the property. The police report noted Rivas entered the store "with his own personal bag. [He] filled his bag with several baseball hats. Once [he] was done with his bag, he grabbed two other bags that were for sale and filled those up with more hats. By the time [he] was done, he had collected 38 baseball hats in the three bags, totaling $1,437.74 in . . . merchandise before tax."

At a hearing, the prosecutor urged the court to deny the resentencing petition because the value of property Rivas-Colon stole exceeded $950. The prosecutor referred to the police report and requested the court take judicial notice of the plea hearing transcript. When the court asked, "[a]nything further on that issue," defense counsel responded, "[n]othing further." The court denied the resentencing petition, concluding the value of the property exceeded $950.

2

DISCUSSION

In November 2014, California voters enacted Proposition 47, which "created a new resentencing provision: section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offence that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.  [Citation.]  A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092; *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Proposition 47 added section 459.5, which classifies shoplifting as a misdemeanor "where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a).)  "[T]o qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered 'a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours,' and whether 'the value of the property that [was] taken or intended to be taken' exceeded $950.  (§ 459.5.)" (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

I.

*On His Petition for Resentencing, Rivas-Colon Had the Burden to*
*Prove the Value of the Property Did Not Exceed $950*

Rivas-Colon contends the prosecution had the burden to establish the value of the property exceeded $950.[2]  According to Rivas-Colon, "without adequate proof that the

---

2    The Attorney General does not argue Rivas-Colon forfeited this claim by failing to raise it in the trial court.  We have the authority to reach Rivas-Colon's arguments notwithstanding his failure to raise them below.  "In light of the newness" of Proposition 47 when Rivas-Colon's "petition was heard, as well as his contention defense counsel's failure to raise the issues constituted ineffective assistance of counsel, we review the claims on the merits." (*People v. Losa* (2014) 232 Cal.App.4th 789, 792, fn. 4 [declining

value of the merchandise exceeded $950, [he] is presumptively entitled" to resentencing. At least one court has rejected this argument. (*People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*).) In *Sherow*, the defendant petitioned for resentencing of his second degree burglary convictions but did not offer any facts, evidence, or argument supporting the petition. (*Id.* at p. 877.) In opposition, the prosecutor argued the defendant was ineligible for resentencing because the loss exceeded $950; the trial court agreed and denied the petition. (*Ibid.*) On appeal, the defendant claimed the record did "not show the loss as to each count exceeded $950" and "the prosecution had the burden to prove [he] was not eligible for resentencing." (*Id.* at pp. 877-878.)

The Fourth District Court of Appeal disagreed and held "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing," (*Sherow*, *supra*, 239 Cal.App.4th at p. 878) and therefore must "show the property loss . . . did not exceed $950 and thus fell within the new statutory definition of shoplifting." (*Id*. at p. 877.) The *Sherow* court noted the well-settled principle that "'[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting'" (*id.* at p. 879) and explained, "'[t]he petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, . . . or 496, the petitioner will have the burden of proving the value of the property did not exceed $950.'" (*Ibid.*, quoting Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of Aug. 10, 2015] p. 40.)

Under *Sherow*, Rivas-Colon had the burden to establish "the facts, upon which his . . . eligibility [was] based[,]" i.e. that the value of the property he took from the store did

_____

to apply forfeiture principles to the defendant's burden of proof claim on a petition for recall of sentence and resentencing under section 1170.126, also known as Proposition 36, the Three Strikes Reform Act of 2012].)

4

not exceed $950.  (*Sherow, supra,* 239 Cal.App.4th at p. 880.)  And like the defendant in *Sherow*, Rivas Colon did not satisfy that burden.  His petition was completely "devoid of any information about the offense[ ]" for which he sought resentencing and did not allege the value of the property was under $950.  (*Id.* at p. 878.)  At the hearing on the petition, Rivas-Colon offered no evidence — and no argument — demonstrating he was eligible for resentencing.  The court therefore properly denied Rivas-Colon's resentencing petition because he failed to satisfy his burden to prove the value of the property he took from the store did not exceed $950.  (§ 1170.18, subd. (b) ["the court shall determine whether the petitioner satisfies the criteria in subdivision (a)"] and § 1170.18, subd. (g) [court must designate the offense as a misdemeanor "[i]f the application satisfies the criteria"]; Evid. Code, § 500 ["a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief . . . that he is asserting"].)[3]

We are not persuaded by Rivas-Colon's claim that trial counsel was ineffective for failing to "specify the amount of merchandise" in connection with his resentencing petition.  "To establish ineffective assistance of counsel, '''a defendant must first show counsel's performance was "deficient" because his "representation fell below an objective standard of reasonableness . . . under prevailing professional norms."''' [Citation.]  '''[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.''' [Citation.]  'In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be no conceivable reason for counsel's acts or omissions.' [Citation.]  For this reason, claims of ineffective assistance of counsel 'are ordinarily best raised and reviewed on habeas corpus.' [Citation.]'" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.)

---

[3]     Having reached this result, we need not consider Rivas-Colon's argument that the court erred by relying on the police report and store receipt when denying his resentencing petition.  We express no opinion on what evidence the trial court may consider when ruling on a petition for resentencing brought pursuant to section 1170.18.

Rivas-Colon's ineffective assistance of counsel claim fails because the record does not reveal trial counsel's reason for declining to specify the value of the property taken from the store. (*People v. Vines* (2011) 51 Cal.4th 830, 876 [rejecting ineffective assistance of counsel claim where record did not establish why defense counsel failed to introduce impeachment evidence].) It is not — as Rivas-Colon contends — "impossible to conceive of any legitimate reason" why trial counsel would not offer evidence of the value of the items. Defense counsel had already stipulated to a factual basis for the plea based on the police report; the police report and store receipt valued the items Rivas-Colon stole at $1,437.34. Rivas-Colon's claim that there is no explanation for counsel's failure to object "to proof offered by the prosecution and not demand the presence of some live witnesses" to testify on the value of the stolen items is equally unpersuasive. "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540; *People v. Frierson* (1991) 53 Cal.3d 730, 747 ["mere failure to object to evidence . . . seldom establishes counsel's incompetence"].)

## II.

### *On His Petition for Resentencing, Rivas-Colon Was Not Entitled to a Jury Trial on the Value of the Property*

Rivas-Colon argues he was entitled to a jury trial on the value of the stolen property because the "value of the property . . . goes to the very heart of the crime" of shoplifting (§ 459.5) and is a "subject to a requirement of a jury trial" under *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*) and *Blakely v. Washington* (2004) 542 U.S. 296, 303. We are not persuaded. Section 1170.18 is a "remedial statute[.]" (*Sherow, supra,* 239 Cal.App.4th at p. 880.) "[T]he resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid.*) The question presented by Rivas-Colon's resentencing petition was not whether to increase the punishment for his offense, but whether he was eligible for a potential reduction of his sentence. As a result, Rivas-Colon had "no right to a jury determination of his eligibility for resentencing." (Couzens

6

& Bigelow, Sentencing California Crimes (The Rutter Group 2013) § 25:6, p. 25-59 (Couzens & Bigelow).)

As Rivas-Colon concedes, numerous courts have rejected this argument in similar contexts. For example, in *Dillon v. United States* (2010) 560 U.S. 817 (*Dillon*), the United States Supreme Court held "a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on downward sentence modifications due to intervening laws." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1304 (*Kaulick*), citing *Dillon, supra,* 560 U.S. at pp. 828-829.) The *Kaulick* court reached a similar conclusion in the context of resentencing petitions brought pursuant to Proposition 36. (*Kaulick, supra,* 215 Cal.App.4th at p. 1304-1305.) As the court explained, "[t]he retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues. Thus, there is no constitutional requirement that the facts be established [to a jury] beyond a reasonable doubt."[4] (*Ibid.*)

*People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*) is instructive. There, the defendant petitioned to recall his sentence and for resentencing under Proposition 36. The trial court denied the petition and the defendant appealed, claiming "that permitting

---

[4]     "[T]he basic structure of Proposition 47 is strikingly similar to Proposition 36" and "much of the appellate interpretation of Proposition 36 is likely relevant in the interpretation of Proposition 47." (Couzens & Bigelow, *supra,* § 25:1, p. 25-2.) Numerous courts have adopted the reasoning from *Kaulick*, including: *People v. Guilford* (2014) 228 Cal.App.4th 651, 663, fn. omitted ["denial of a recall petition" brought pursuant to Proposition 36 "does not increase the mandatory minimum sentence for a defendant's crime"]; *People v. Flores* (2014) 227 Cal.App.4th 1070, 1075-1076 [agreeing with *Kaulick*]; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1061 ["[a] finding an inmate is not eligible for resentencing under [Proposition 36] does not increase or aggravate that individual's sentence"]; Couzens & Bigelow, *supra,* § 25:6, p. 25-59 [listing Proposition 36 cases concluding *Apprendi* "has no application due to the retrospective nature of the petition for resentencing"].)

the trial court to consider facts not previously adjudicated would violate his right to a jury trial under the *Apprendi* cases." (*Id.* at p. 1334.) The *Bradford* court disagreed and held: "[r]educing the sentence of an individual like the current petitioner, who is serving a valid sentence imposed more than a decade ago, is not constitutionally compelled; it would be an act of lenity. . . . [S]ection 1170.126 merely provides a limited mechanism within which the trial court may consider a reduction of the sentence below the original term. Section 1170.126, like the statutory mechanism under federal law for a sentencing reduction, is distinguishable from other sentencing proceedings, and the potential reduction of the sentence is narrowly circumscribed by the statute. The result of a proceeding under section 1170.126 may well be that the petitioner's originally imposed, lawful sentence remains undisturbed. Under the circumstances, the trial court's determination of facts that affect whether the defendant will be resentenced does not implicate the right to a jury trial as described in the *Apprendi* cases." (*Id.* at p. 1336.)

Rivas-Colon's attempt to distinguish *Dillon* and *Kaulick* is unavailing and his reliance on *Bradford* is misplaced. We agree with the reasoning of these cases and conclude Rivas-Colon does not have a Sixth Amendment right to a jury trial on the value of the property on a petition for resentencing brought pursuant to section 1170.18.

## DISPOSITION

The order denying Rivas-Colon's petition for resentencing on his second degree burglary conviction (§ 456) is affirmed.

8

_____

Jones, P.J.

We concur:

_____

Simons, J.


_____

Bruiniers, J.


A144390

9

Superior Court of the County of San Francisco, No. SCN222197, Kathleen Kelly, Judge.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Acting Senior Assistant Attorney General, Rene A. Chacon, Supervising Deputy Attorney General, Juliet B. Haley, Deputy Attorney General, for Plaintiff and Respondent.

Rodney Richard Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

A144390