Filed 4/18/16  P. v. Neisinger CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK CURTIS NEISINGER,<br><br>    Defendant and Appellant. | 2d Crim. No. B265470<br>(Super. Ct. No. F474372)<br>(San Luis Obispo County) |

Patrick Curtis Neisinger appeals an order denying his petition for resentencing under the Safe Neighborhoods and Schools Act ("Proposition 47" or "the Act").  (Pen. Code, § 1170.18.)[1]  We conclude, among other things, that the trial court properly denied Proposition 47 relief because the items involved in his prior receiving stolen property offense (§ 496, subd. (a)) exceeded $950 in value (§ 490.2).  We affirm.

FACTS

In an information, the People alleged that on May 17, 2012, Neisinger committed the offense of receiving stolen property (§ 496, subd. (a)) by receiving "watches, jewelry, coins, bank book, belt buckles, pins, and knives."  No value was alleged for these items in the information.  Neisinger pled no contest to receiving the stolen property as alleged in that information.

_____

[1] All statutory references are to the Penal Code.

In 2014, Neisinger filed a petition under Proposition 47. He claimed his receiving stolen property offense should be reduced from a felony to a misdemeanor.

At the hearing on the petition, the trial court said the issue was whether or not the value of the items involved in Neisinger's prior receiving stolen property offense exceeded the Proposition 47 limit of $950. (§ 490.2.) The court asked Neisinger's counsel if Neisinger would be presenting "any evidence" on the value of that property. His counsel responded "no" and he objected to the court taking any evidence on that issue. He said, "[T]here never was a listed value in any of the discovery, in any sentencing memorandums, in probation reports the court received. So I think, therefore, Mr. Neisinger is permitted to rely on lack of value to bring his Prop 47 relief motion."

The trial court disagreed and overruled the objection. It placed the burden on the People to present evidence at the hearing.

The prosecutor called Arthur Keith Hamilton, an expert in appraising jewelry. He testified that the total value of the stolen items was $2,450.70. One of the items was a woman's ring worth $700, another was a man's ring worth $990.

The trial court found Hamilton's testimony to be credible. It ruled that the value of the stolen property exceeded $950. It denied the petition.

DISCUSSION

*Proposition 47*

Neisinger contends the trial court erred by denying his Proposition 47 petition. He claims: 1) the People had the burden of proof on the value of the stolen property; 2) the only admissible evidence about that value was in the record of his 2012 conviction; and 3) because the "charging document" for his prior offense did not list a value of the stolen items, his petition should have been granted. We disagree.

Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. (§ 1170.18; Prop. 47, §§ 3, 14.) These offenses had previously been designated as

2

felonies. A person previously convicted of such felonies may petition the court for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18; Prop.47, §14; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.)

Proposition 47 added section 490.2. It provides, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

Neisinger, as a Proposition 47 petitioner, had the burden of proof to show the facts demonstrating his eligibility for relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877.)

Neisinger notes that the charging document for his prior offense listed the stolen items, but it did not list a value for them. That is correct, however, it does not change the result. Neisinger as the Proposition 47 petitioner had the burden to prove that the value of the stolen property did not exceed $950. (*People v. Sherow*, *supra*, 239 Cal.App.4th at p. 877.) He had an opportunity to make such a showing in the trial court. But he decided to present no evidence on the value of the items at the hearing. For that reason alone, the trial court could properly deny his petition. (*People v. Rivas-Colon, supra,* 241 Cal.App.4th at pp. 449-450; *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

Moreover, here the trial court switched the burden of proof and required the People to present evidence on the value of the stolen items. At the hearing on the Proposition 47 petition, the People presented expert testimony showing that the items in question were worth far in excess of $950. The People's evidence was uncontradicted. Neisinger has made no showing on appeal to demonstrate that the court's factual finding on value was incorrect. There was no error.

3

The order denying Neisinger's Proposition 47 petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

4

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____


Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.