Filed 4/18/16  P. v. Luna CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES LUNA,<br><br>    Defendant and Appellant. | B267976<br><br>(Los Angeles County<br>Super. Ct. No. BA271066) |

APPEAL from an order of the Superior Court of Los Angeles County, David R. Fields, Judge.  Affirmed.

Rich Pfeiffer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Andres Luna appeals an order denying his petition to reduce his 2004 felony conviction for receiving stolen property (Pen. Code § 496, subd. (a))[1] to a misdemeanor pursuant to Proposition 47 (§ 1170.18, subd. (f)).[2] The trial court denied the petition on the basis that defendant is ineligible for relief due to his later conviction for vehicular manslaughter under section 192, subdivision (c)(1).

Defendant contends that vehicular manslaughter is not a disqualifying offense that would preclude, as a matter of law, reduction of his receiving stolen property conviction to a misdemeanor. He further asserts that the case must be remanded because the court did not consider the District Attorney's argument that he was ineligible to have his felony reduced for failure to establish the value of the stolen property, and the trial court should decide the issue in the first instance. He asks that counsel be appointed, and requests permission to be heard on all issues pertaining to Proposition 47.

The Attorney General concedes that the trial court's reasoning was erroneous, but argues the result reached by the court was correct and the order denying the petition should therefore be affirmed. The Attorney General reasons that defendant did not establish his eligibility under section 1170.18 because he failed to allege or provide any evidence that the value of the stolen property did not exceed $950, as required for reduction from a felony to a misdemeanor.

We affirm the court's order.

---

[1] All future statutory references are to the Penal Code unless otherwise specified.

[2] The record is meager in this case. The Clerk of the Superior Court certified that he is unable to locate the 2004 court file. As a result, the record lacks the felony complaint and information, preliminary hearing and plea transcripts, and police and probation reports. The appellate record does contain the minute orders on the case from 2004, defendant's section 1170.18 petition, the District Attorney's two responses, and the minute order of the court's decision. We conclude the record is adequate to resolve the issues presented.

**PROCEDURAL HISTORY**

Defendant was charged in count 1 with ownership or operation of a chop shop (Veh. Code, §10801), and in count 2 with receiving stolen property (§ 496, subd. (a)). On October 6, 2004, he entered a guilty plea to the receiving stolen property count. The Vehicle Code section 10801 charge was dismissed pursuant to section 1385. Defendant was placed on probation for three years, conditioned on service of 180 days in county jail. On November 15, 2005, defendant admitted to violating his probation after conviction on a new charge of vehicular manslaughter with gross negligence (§192, sub. (c)(1)), in Case No. BA284017. The trial court terminated defendant's probation on December 13, 2005, and sentenced him to three years in prison.

Defendant filed his section 1170.18 petition on February 9, 2015, stating that he was sentenced under section 496, subdivision (a), as a felony, and that the offense has been reclassified as a misdemeanor. The petition did not allege the value of the stolen property, nor was any supporting evidence supplied with the petition to suggest that the value of the property did not exceed $950.

On June 26, 2015, the District Attorney filed her first opposition to the petition, asserting that defendant had a prior conviction for vehicular manslaughter with gross negligence (§ 192, subd. (c)(1)), which was a disqualifying offense listed in section 667, subdivision (e)(2)(C)(iv). A handwritten note, apparently added some time later, stated that the District Attorney had reviewed the vehicular manslaughter case file, determined that there was no alcohol involved, and that defendant was, in fact, eligible for relief.

On July 8, 2015, the District Attorney filed her second opposition to the petition. The second response opposed the petition on the ground that the value of the stolen property is unknown. It was noted that defendant had also been charged with operating a chop shop, and that the value of the property could have easily exceeded $950. The response also stated that defendant's case file could not be found in the archives.

3

The court denied the petition on the basis that defendant's later conviction for vehicular manslaughter under section 192, subdivision (c)(1) renders him ineligible for relief.

## DISCUSSION

Under Proposition 47, a felony conviction for receiving stolen property may be reduced to a misdemeanor if the value of the stolen property does not exceed $950, and the petitioner has no prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv) or for an offense requiring registration pursuant to section 290, subdivision (c). (§ 496, subd. (a); 1170.18, subds. (f)-(i).) Among the disqualifying offenses listed in section 667, subdivision (e)(2)(C)(iv), are homicide offenses as defined in sections 187 to 191.5, inclusive. Gross vehicular manslaughter while intoxicated pursuant to section 191.5, subdivision (a), is a disqualifying offense, but vehicular manslaughter not involving "driving while intoxicated," in violation of section 192, subdivision (c)(1), is not a disqualifying offense.

We therefore agree with the parties that defendant, who was convicted of vehicular manslaughter pursuant to section 192, subdivision (c)(1), was not disqualified from relief under Proposition 47 on the basis of his subsequent conviction. This error does not resolve the appeal, as it is well settled that a ruling or decision, "correct in law, will not be disturbed on appeal merely because given for a wrong reason." (*People v. Zapien* (1993) 4 Cal.4th 929, 976, citing *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.) Based on the lack of showing of the value of the stolen property involved in this case, defendant was not entitled to reduction of his offense to a misdemeanor. The trial court therefore reached the correct result in denying the petition.

The burden was on defendant to establish facts showing his eligibility for relief under Proposition 47, which in this instance meant defendant had to establish that the value of the stolen property he received did not exceed $950. (See *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875,

4

880 (*Sherow*).) At a minimum, a proper petition should contain "at least [defendant's] testimony about the nature of the items taken. If [a defendant makes] the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

Defendant simply submitted a petition asserting that he was eligible for a reduction of sentence because receiving stolen property had been reclassified as a misdemeanor. This assertion is true if defendant established that the value of the stolen property did not exceed $950. Defendant did not provide any information relating to the stolen property, and none is contained in the record. The only other information before the court is that defendant was also charged with owning or operating a chop shop, a circumstance which does not answer the question of the value of the property involved in the offense.

Defendant argues for the first time in his reply brief that he was deprived of his constitutional right to notice and an opportunity to be heard because there is no proof of service attached to the District Attorney's second response in the record, and because he did not have the opportunity to present evidence of the property's value to the trial court. The statute itself put defendant on notice of the need to address the value of the property. He failed to meet the initial burden of asserting that the property was not valued in excess of $950 in his petition, and did not submit any evidence of its value to the court at any point in the proceedings. Under these circumstances, the substance of the District Attorney's response was of no moment, because the District Attorney did not bear the burden of proof. This is not a case where defendant alleged facts that were refuted in the response. There was no element of surprise. Defendant's petition was insufficient to demonstrate eligibility on its face.

On a proper petition defendant may be able to make a showing of eligibility based on his receipt of stolen property conviction, but he has not done so here.

**DISPOSITION**

The order denying defendant's petition for resentencing is affirmed without prejudice to defendant submitting a petition establishing entitlement to relief under the facts of the case.

KRIEGLER, J.

We concur:

TURNER, P. J.

KUMAR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.