Filed 4/28/16  P. v. Torres CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CANNON TORRES,<br><br>    Defendant and Appellant. | G052771<br><br>(Super. Ct. No. 13HF0597)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gassia Apkarian, Judge.  Affirmed.

Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Cannon Torres appeals from the denial of his petition to reclassify his felony conviction for theft of a firearm as a misdemeanor pursuant to Penal Code section 1170.18, subdivision (f), or alternatively to recall his sentence and resentence him for a misdemeanor under section 1170.18, subdivisions (a) and (b).[1]

We appointed counsel to represent defendant. Counsel did not argue against defendant, but advised the court she was unable to find an issue to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given an opportunity to file written argument on his own behalf, but he has not done so. We have conducted an independent review of the record and conclude counsel's assessment was correct. There is no arguable appellate issue. Accordingly, the postjudgment order denying reclassification or recall of sentence on the firearm theft offense is affirmed.

FACTS

In 2013, defendant pleaded guilty to three counts of second degree auto burglary (§§ 459, 460) and one count of theft of a firearm (§ 487, subd. (d)(2)). He was sentenced to a prison term of three years.

In January 2015, defendant filed a petition under Proposition 47 to reduce his felony conviction for theft of a firearm to a misdemeanor pursuant to section 1170.18, subdivision (f), or alternatively to recall his sentence and to resentence him for a misdemeanor pursuant to section 1170.18, subdivisions (a), and (b). The court denied the motion on the ground that theft of a firearm qualifies as a misdemeanor under section 490.2, subdivision (a), only when the value of the stolen property is less than $950, and defendant had not provided any evidence of its value.

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

Under Proposition 47, a defendant convicted of a felony theft offense may petition to have his conviction reclassified as a misdemeanor (§ 1170.18, subd. (f)) or to be resentenced to a misdemeanor offense (§ 1170.18, subds. (a), (b)) provided the value of the stolen property did not exceed $950. (§ 490.2, subd. (a).) As the moving party, defendant had the burden of showing the value of the stolen property did not exceed $950. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 877.) Defendant failed to offer any evidence at the hearing on his section 1170.18 petition. Thus defendant failed to meet his burden and the court correctly denied defendant's petition.

## DISPOSITION

The postjudgment order is affirmed.


IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.

3