Filed 5/2/16  P. v. Dickson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051884 |
| v. | (Super. Ct. No. 04HF1585) |
| THOMAS DICKSON, JR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed without prejudice.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Brendon W. Marshall and Warren J. Williams Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Thomas Dickson, Jr., appeals from an order denying in part his petition to have his felony burglary convictions redesignated as misdemeanor petty thefts under Proposition 47. Defendant contends the court erroneously placed the burden of proving eligibility on him, and mistakenly concluded his felony burglary convictions do not qualify for reclassification as misdemeanors. We disagree and affirm the order.

## FACTS AND PROCEDURAL HISTORY

In 2005, a jury convicted defendant of six felony counts of second degree burglary (Pen. Code §§ 459, 460, subd. (b), all subsequent statutory references are to this code), and the court sentenced him to 150 years to life in prison. In 2013, the court granted defendant relief under section 1170.126 and resentenced him to 10 years eight months in prison.

In 2015, defendant filed a single page form petition for relief under section 1170.18, subdivisions (f) and (g). The petition was not supported by any documentation, and revealed nothing about the circumstances surrounding the offenses.

At the hearing, the prosecutor did not oppose the petition as to count 3, but never explained why. As to counts 1, 2, 4, 5 and 6, the prosecutor said: "we're opposed as to the areas in which the burglaries that were committed were places not open to the general public. They were office buildings in areas where the employer or the employee was at their personal desk." The court asked, "Are [those] all the same location same time?" The prosecutor replied, "Your honor, they're all different businesses within a business complex." Counsel agreed the loss on each was less than $950.

Near the end of the hearing, the court stated: "Well, based on what I have so far, I do not think these qualify. Now I wouldn't necessarily say that they wouldn't [qualify] depending on the specific facts. It's possible that they would. But based on what I have heard so far I would say they don't qualify." Minutes later the court denied the petition as to counts 1, 2, 4, 5 and 6, but granted it as to count 3, all without further explanation and without making any factual findings.

**DISCUSSION**

Defendant's primary complaint on appeal is that the court erroneously placed the burden of proving eligibility for Proposition 47 relief on him. Not so. In *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*), also a case involving denial of a Proposition 47 petition seeking to reduce felony second degree burglary convictions to misdemeanor petty thefts, Division One of this court placed the burden of proving eligibility for resentencing squarely on the defendant. (Accord, *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444.)

We agree with the reasoning of *Sherow*. A defendant who seeks relief under section 1170.18 has already been convicted of a felony. As the moving party, the defendant has the burden of proving he is eligible for relief. Resentencing on second degree burglary is not automatic. Depending on the circumstances surrounding the offense, the defendant may or may not be eligible for relief. If he can prove he entered a commercial establishment during regular business hours and took property worth $950 or less, the offense is shoplifting (§ 459.5) and he is eligible for relief; otherwise not.

We reject defendant's argument *Sherow* should not be followed. He notes *Sherow* cited secondary authority, and claims its conclusion that the defendant has the burden of proving eligibility is contrary to controlling California law. But *Sherow* also cited the well-settled principle that "'"[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.)

Finally, defendant contends there is insufficient evidence in the record to determine his eligibility, so again the court erred. Here we agree with his premise but not his conclusion. In this case, as in *Sherow*, "the petition . . . gave virtually no information regarding [his] eligibility for resentencing." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) Further, the only other facts in the record which we have concerning defendant's burglary convictions are set out above in the representations of counsel to the court at the hearing.

3

Under these circumstances we cannot conclude the court erred in denying defendant's petition to have his felony commercial burglary convictions redesignated as misdemeanor petty thefts under section 1170.18, subdivisions (f) and (g).  The record is essentially devoid of information from which the court could determine his eligibility for relief.  Thus, defendant, like the defendant in *Sherow*, did not satisfy his burden of proof.

**DISPOSITION**

The order denying defendant's petition for resentencing is affirmed without prejudice to consideration of a subsequently filed petition.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.

4