Filed 6/14/16  P. v. Plante CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VANESSA PLANTE,<br><br>    Defendant and Appellant. | 2d Crim. No. B265683<br>(Super. Ct. No. 2012008585)<br>(Ventura County) |

Vanessa Plante appeals an order denying her petition for resentencing under the Safe Neighborhoods and Schools Act (Proposition 47).  (Pen. Code. § 1170.18, subd. (f).)[1]  The trial court denied her petition on the ground that her felony offense did not fall within Proposition 47.  We conclude that Plante's second degree commercial burglary conviction (§ 459), which involved entry into a store with the intent to obtain drugs by using a forged prescription, does not fall within the new shoplifting misdemeanor offense (§ 459.5) in Proposition 47.  We affirm.

### FACTS

In 2012, Plante entered a Rite Aid store and went to the pharmacy.  She handed the "pharmacy technician" a prescription for Oxycodone pills.  The technician recognized the prescription to be a forgery and called the police.  Plante left the store.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

During an investigation, law enforcement obtained information that Plante's handwriting was on the prescription. She was arrested.

In a felony complaint, Plante was charged with second degree commercial burglary (§ 459), a felony, (count 1); making a forged prescription (Bus. & Prof. Code, § 4324, subd. (a)) (count 2); and obtaining a controlled substance by fraud (Health & Saf. Code, § 11173, subd. (a)) (count 3). For count 1, the People alleged that Plante entered the store "with the intent to commit larceny and any felony." Plante pled guilty to count 1; counts 2 and 3 were dismissed. After a 2015 probation violation hearing, she was sentenced to "two years of felony jail [time] on the [section] 459 [offense]."

Plante filed a petition for resentencing under Proposition 47. The trial court denied the petition. It said, "[Plante] entered [the store] with the intent to obtain prescription drugs by fraud. There wasn't a theft involved. She was going to pay for it. She was fraudulently trying to obtain prescription medication. So I agree with the People's position that at least as far as I can tell from my reading of the statute [it] is not a shoplift as defined by [section] 459.5 or a theft as required in the amount of $950 or more."

## DISCUSSION

### Proposition 47

Plante contends the trial court erred by denying her petition for resentencing under Proposition 47. (§ 1170.18, subd. (f).) She claims her second degree commercial burglary conviction (§ 459) is not excluded from being considered as a shoplifting misdemeanor (§ 459.5) under Proposition 47.

"'Under section 1170.18, a person "currently serving" a felony sentence for an offence that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.'" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.)

It has long been established that under Penal Code section 459, "entry into a store, generally open to the public, with the intent to commit larceny constitutes burglary." (*People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; § 459.)

2

Section 459.5 was added by Proposition 47. It provides, in relevant part, "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment *with intent to commit larceny* while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). . . . Shoplifting shall be punished as a misdemeanor . . . ." (§ 459.5, subd. (a), italics added.)

Plante contends her offense involved the intent to commit "theft by false pretenses," which constitutes intent to commit larceny under section 459.5. She cites *People v. Nguyen* where the appellate court said, "[I]n 1927, the Legislature amended the larceny statute to *define theft as including* the crimes of larceny, embezzlement and *obtaining property by false pretense*. (Stats. 1927, ch. 619, § 1, p. 1046.)" (*People v. Nguyen*, *supra*, 40 Cal.App.4th at p. 31, italics added.)

The People contend Plante is ineligible for Proposition 47 relief because her offense did not involve entering a commercial establishment with the intent to commit larceny. They are correct.

Here the trial court found Plante entered the store with "the *intent to obtain prescription drugs by fraud*." (Italics added.) It said that "the probation report which served as the factual basis for the defendant's plea . . . supports the People's contention that she entered with [that intent]." At the hearing on the petition, Plante did not present evidence or challenge any facts in the probation report.

Plante's offense is not the shoplifting offense or property crime described in Proposition 47. It is a far more serious offense that involves public health and the protection of the integrity of the system of medical prescriptions. (*People v. Wheeler* (2005) 127 Cal.App.4th 873, 880.) "Although a person could use a forged prescription . . . as a method for trying to obtain narcotics for personal use, . . . the offense is not so limited." (*Ibid.*) It "is directed at a greater evil . . . . " (*Ibid.*) What Plante did is a threat to the "protection of the health and safety of the public in obtaining medical prescriptions . . . ." (*Ibid.*) "Physicians, pharmacists, and patients must be able to rely on the integrity of the system." (*Ibid.*) The law preserves it by attempting to prevent the

3

dangerous consequences that flow from Plante's actions, which include "counterfeiting of a physician's authority to prescribe, deceiving of the pharmacist, corrupting the public's legitimate supply of medicine, and, potentially, defrauding of insurance companies or government programs."  (*Ibid.*)  The trial court did not err in finding Plante does not fall within Proposition 47.

*DISPOSITION*

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy. for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Supervising Deputy Attorney General, William N. Frank, Deputy Attorney General. for Plaintiff and Respondent.