Filed 6/21/16  P. v. Escobedo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUPE ESCOBEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B262702<br>(Super. Ct. No. CR38966)<br>(Ventura County) |

Lupe Escobedo appeals an order denying his petition for resentencing under the Safe Neighborhoods and Schools Act (Proposition 47).  (Pen. Code, § 1170.18.)[1]  We conclude, among other things, that Escobedo did not meet his burden to prove that his two prior convictions for receiving stolen property (§ 496) qualified for resentencing under Proposition 47.  He did not present evidence showing that the value of the stolen property did not exceed $950.  We affirm.

### FACTS

In 1998, Escobedo pled guilty to two counts of receiving stolen property--a 1987 Nissan Maxima in 1997 and a 1980 Honda Accord in 1996.  He also admitted that he had been convicted of two counts of robbery (§ 211) in May 1987 and 15 counts of

---

[1] All statutory references are to the Penal Code.

"armed robbery" (§ 211) in November 1987.  He was sentenced to two consecutive prison terms of 25 years to life.

Escobedo filed a petition for resentencing under section 1170.126.  On September 4, 2013, the trial court denied that petition.  The court found he posed "an unreasonable risk of danger to the public safety should he be released."

In 2014, Escobedo filed a petition for resentencing under Proposition 47.  (§ 1170.18.)  He claimed his two felony convictions for receiving stolen property were now misdemeanors under Proposition 47.

The People filed an opposition stating "the value of [the] items taken in this case exceed $950," making Escobedo ineligible for resentencing under Proposition 47.  They said that "this court must correctly assess the value of a 1987 Maxima (in 1997 dollars)" and the Honda Accord "(in 1996 dollars)."  The People attached a printout from a "National Auto Dealers Association website."  They said the printout showed that "the original purchase price" for the 1987 Nissan Maxima was "approximately $15,000" and it had a 2014 value of "approximately $2,000."  The People also claimed the Honda Accord exceeded the $950 value limit.  They attached a police report that listed the value of that car at the time of the offense to be $6,500.

At the hearing on his Proposition 47 petition, Escobedo presented no evidence.  The trial court denied the petition.

DISCUSSION

*Proposition 47*

Escobedo contends the trial court erred by denying his petition under Proposition 47.  He claims the People had the burden to prove that "the offense was a felony that did not qualify for resentencing as a misdemeanor" and the People did not meet that burden.  We disagree.

" 'Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47.' "  (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448.)

2

Proposition 47 amended Penal Code section 496 involving the offense of receiving stolen property. It made that offense a misdemeanor "if the value of the property does not exceed nine hundred fifty dollars ($950) . . . ." (Prop. 47, § 9.)

Escobedo contends he did not have to present evidence proving that the property he took did not exceed that $950 value limit. We disagree.

Escobedo filed the petition claiming he was eligible for relief under Proposition 47. He had the " ' "burden of proof as to each fact the existence or nonexistence of which is essential to [his] claim for relief . . . ." ' " (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Consequently, he had the burden of proof on whether the value of the stolen property did not exceed $950. (*Id*. at p. 880; see also *People v. Rivas-Colon, supra*, 241 Cal.App.4th at p. 449.)

In *Sherow*, the trial court held that placing the burden of proof on the defendant to prove the value of the items in a Proposition 47 petition did not violate due process. (*People v. Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880.) It said, "The difficulty with a due process argument based on the prosecutor's burden of proof in the initial prosecution for an offense is that the resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Id.* at. p. 880.) Proposition 47, by contrast, is a "remedial statute" which is not analogous to criminal prosecutions where the People have the burden of proof. (*Ibid.*)

Consequently, the Proposition 47 petition is properly denied where the defendant presents no evidence on the issue of value. (*People v. Rivas-Colon*, *supra*, 241 Cal.App.4th at p. 450 [the trial court "properly denied Rivas-Colon's resentencing petition because he failed to satisfy his burden to prove the value of the property he took from the store did not exceed $950"]; see also *People v. Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880.)

Here Escobedo presented no evidence on the value of the two stolen cars with his petition. At the hearing on the petition, he presented no evidence on value. His counsel told the trial court, "I think that the Court is limited to an examination of the

3

record of conviction and that additional evidence cannot be" produced.  But this claim is incorrect.  That the prior record of Escobedo's offenses does not disclose the value of the cars does not eliminate his burden to present evidence.  (*People v. Sherow, supra*, 239 Cal.App.4th at p. 880 ["A proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken"].)  Escobedo did not meet his burden of proof.  He has not shown error.

We have reviewed his remaining contentions and conclude he has not shown error.

The order denying the petition is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.