Filed 4/27/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>ROBERT JAMES,<br><br>        Defendant and Appellant. | A159207<br><br>(Solano County<br>Super. Ct. No. FC23942) |

Robert James appeals the denial of his petition for resentencing under Penal Code section 1170.95, entered following a full evidentiary hearing. His sole contention on appeal is that the denial of his request for a jury trial violated his rights under the Sixth and Fourteenth Amendments. We follow the unanimous view of the several courts that have considered the question that the relief granted by Senate Bill No. 1437 (2017–2018 Reg. Sess.), in which section 1170.95 was included, is an act of lenity not subject to Sixth Amendment analysis. We shall therefore affirm the order denying appellant relief.

### Factual and Procedural History

In 1988, appellant was convicted, based on his plea of guilty, of second degree murder. In short, in the course of a robbery another perpetrator fatally stabbed the victim while appellant restrained him from escaping. In February 2019 appellant filed a petition for resentencing under section 1170.95. The trial court appointed counsel, found that a prima facie

1

case had been made, and issued an order to show cause. After denying appellant's motion for a jury trial, the court conducted an evidentiary hearing[1] after which it found that appellant was a major participant in the robbery who acted with reckless indifference to human life and, therefore, was not entitled to relief under the new statute. It is not necessary to elaborate on the evidence, since appellant challenges neither its admissibility nor its sufficiency. His sole contention is that the court erred in denying him a jury trial to determine whether the People proved he was a major participant who acted with reckless indifference to human life.

## Discussion

The California Supreme Court recently summarized the changes in the law of homicide made by Senate Bill No. 1437. The purpose of the new legislation was to " '[amend] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

"First, to amend the felony murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent

---

[1] The court received and considered the transcript of the preliminary hearing, the audio and sound recording of James's proffer statement to the prosecutor made in connection with his plea, the transcript of the proffer statement, the probation report submitted at sentencing. and the transcript of James's January 28, 2015 parole hearing.

to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .' . . . [¶] Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' [¶] Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Gentile, supra,* 10 Cal.5th at pp. 842–843.)

Such a person, whether convicted after a jury trial or pursuant to a plea, "must file a petition . . . declaring, among other things, that the petitioner 'could not be convicted of first or second degree murder because of changes to Section 188 or 189.' [Citations.] Then, the trial court must 'review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of th[e] section.' [Citation.] If so, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. [Citation.] At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' " (*Gentile, supra,* 10 Cal.5th at p. 853.) In holding that a criminal defendant cannot seek relief pursuant to section 1170.95 on direct appeal from a nonfinal conviction, the *Gentile* court emphasized that "section 1170.95 by its terms does not automatically provide all defendants

3

with a right to relief" but instead "requires the sentencing court to assess the defendant's eligibility for and entitlement to relief through a petition and hearing process in which the prosecution and the petitioner 'may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' " (*Gentile, supra*, at pp. 853–854.)

The Attorney General cites several recent opinions holding that an evidentiary hearing on a section 1170.95 petition does not trigger a Sixth Amendment right to a jury trial. (See, e,g., *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114–1115, review granted Nov. 13, 2019, S258175, disagreed with on other ground by *People v. Larios* (2019) 42 Cal.App.5th 956, 964–968, review granted Feb. 26, 2020, S259983; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156.) Those decisions rely by analogy on *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 (*Perez*), which held that an evidentiary hearing on a petition for resentencing pursuant to Proposition 36 does not trigger the right to a jury trial because that "legislative act of lenity . . . does not implicate [Sixth Amendment] rights." (See *People v. Lopez, supra*, at pp. 1114–1115 [citing *Perez*]; *People v. Anthony, supra*, at p. 1156 [same].)

Similarly, there is no right to a jury trial to determine whether a defendant is entitled to relief under the ameliorative provisions of Proposition 47. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 451–452.) In *Rivas-Colon,* the court relied on, among other cases, *Dillon v. United States* (2010) 560 U.S. 817, 828–829, in which the United States Supreme Court held a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt does not apply to limits on the retroactive availability of downward sentence modifications due to intervening amendments of federal sentencing guidelines.

4

Appellant correctly notes that the relief granted by Senate Bill No. 1437 differs in kind from the relief granted by Propositions 36 and 47. Those prior ameliorative provisions merely authorized reductions in the sentences imposed for convictions of the unchanged underlying offenses (see *People v. Perez, supra*, 4 Cal.5th at pp. 1061–1062; *People v. Rivas-Colon, supra*, 241 Cal.App.4th at p. 448), whereas Senate Bill No. 1437 has changed the nature of the offense itself. Therefore, appellant argues, he is constitutionally entitled to have a jury determine whether the People have proved beyond a reasonable doubt the redefined elements of the offense.

Nonetheless, appellant was properly convicted of second degree murder under the law that was in effect at the time of his offense and when he entered his guilty plea. Section 1170.95 is "an act of lenity" that requires, under specified circumstances, reduction of the offense for which he was properly convicted. The constitutional right to a jury trial does not require a jury determination of those circumstances. "[T]he retroactive relief . . . afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights." (*People v. Anthony, supra*, 32 Cal.App.5th at pp. 1156–1157.) This reasoning has consistently been followed in proceedings under section 1170.95. (*People v. Lopez, supra*, 38 Cal.App.5th at pp. 1114–1115; *People v. Perez* (2020) 54 Cal.App.5th 896, review granted Dec. 9, 2020, S265254; *People v. Howard* (2020) 50 Cal.App.5th 727, 740). No constitutional provision required the Legislature to authorize relief under the conditions specified in section 1170.95 and none compels it to make the conditions subject to jury determination.

In *Gentile,* the defendant contended that he should be permitted to rely on the revised homicide definition on his direct appeal from his murder conviction because requiring him to seek postconviction relief under section 1170.95 would deny him his Sixth Amendment right to a jury determination of the facts necessary to establish that his conduct satisfied the redefined elements of murder. (*Gentile*, *supra*, 10 Cal.5th at p. 857.) Allowing the prosecution to prove the necessary facts to only a court, he argued, would "violate[] the principle that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " (*Ibid.*, quoting *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*).) He distinguished *Perez*, *supra*, 4 Cal.5th 1055, reasoning that "the finding at issue in *Perez* did not concern a fact essential to the validity of the underlying conviction or the original sentence when imposed, insofar as Proposition 36 merely reduced the punishment for particular third strike convictions without disturbing the validity of those convictions." (*Gentile*, *supra*, at p. 857.)

The Supreme Court rejected the argument that the Sixth Amendment concerns entitled Gentile to rely on the new definition of murder on direct appeal. However, it did acknowledge that *Apprendi* requires jury availability to determine facts that increase the punishment to which a defendant is subject. (*Gentile*, *supra*, 10 Cal.5th at p. 857.) Because no section 1170.95 petition was before it, the court held that it had "no occasion . . . to opine on whether denial of a section 1170.95 petition on the basis of such factual findings [by the court] would run afoul of *Apprendi*." (*Ibid.*)

The present appeal does present the issue not before the court in *Gentile.* Pending further clarification from the Supreme Court, we agree with

the many courts that have held that a convicted person litigating a section 1170.95 petition does not enjoy the rights that the Sixth Amendment guarantees to criminal defendants who have not yet suffered a final conviction. As just stated, the Legislature was not constitutionally required to make the amended definition of murder created by Senate Bill No. 1437 retroactive as to convictions, like appellant's, that had become final. (See *People v. Conley* (2016) 63 Cal.4th 646, 656 [Legislature or electorate "may choose to modify, limit, or entirely forbid the retroactive application of ameliorative criminal-law amendments if it so chooses"]; *People v. Rossi* (1976) 18 Cal.3d 295, 303 ["Legislature retains the constitutional authority to preserve criminal sanctions for acts committed prior to repeal" of statute that criminalized conduct for which defendant was convicted]; see also Gov. Code, § 9608 ["The termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the . . . punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such . . . punishment is expressly declared by an applicable provision of law."].)

Because the authorization of retroactive relief in Senate Bill No. 1437 was an act of lenity, the Legislature was free to condition the availability of such relief on the convicted person prevailing at an evidentiary hearing conducted pursuant to the non-jury procedure set forth in section 1170.95. (See *People v. Lopez* (2020) 56 Cal.App.5th 936, 957–958, review granted Feb. 10, 2021, S265974 [holding that section 1170.95 petitioner cannot invoke Sixth Amendment right to jury], citing *People v. Conley, supra*, 63 Cal.4th at p. 656 & Gov. Code, § 9608.) The rule of *Apprendi* does not apply because the procedure is designed solely to permit the reduction of a defendant's punishment; no increase is possible over the sentence that has already

become final. If it were necessary to conduct another jury trial—often, as in this case, years after the conduct in question—it is unlikely that the Legislature would have enacted the procedure in the first place. Indeed, a contrary ruling might well prompt the repeal of section 1170.95.

## Disposition

The order denying appellant's petition is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

Trial court: Solano County Superior Court

Trial judge: Honorable John B. Ellis

Counsel for Appellant: Robert H. Derham, under appointment by the Court of Appeal

Counsel for Respondents: Xavier Becerra
Attorney General of California
Lance E. Winters
Chief Assistant Attorney General
Jeffrey M. Laurence
Senior Assistant Attorney General
Rene A. Chacon
Supervising Deputy Attorney General
Julia Y. Je
Deputy Attorney General

A159207