Filed 4/29/16  P. v. Fredieu CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064196 |
| v. | (Super.Ct.No. FSB050720) |
| BENJAMIN FREDIEU, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Pursuant to Proposition 47, defendant and appellant, Benjamin Fredieu, petitioned the trial court to reclassify his July 2005 felony commercial burglary conviction (Pen. Code, § 459)[1] as a misdemeanor shoplifting conviction (§§ 459.5, 1170.18, subds. (f), (g)).  Defendant pled guilty to the 2005 felony.  His petition was denied following a hearing.  He appeals, claiming his petition should have been granted because nothing in the record of his 2005 conviction establishes that the value of the property involved in the burglary *did not* exceed $950.  (§ 459.5, subd. (a).)  We conclude that the petition was properly denied, and affirm.

A felony commercial burglary conviction may be reclassified as a misdemeanor shoplifting conviction only if, among other things, it involved the taking or intent to take money or property worth $950 or less.  (§§ 459.5, subd. (a), 1170.18, subds. (f), (g).)  Further, defendant had the initial burden of making a prima facie evidentiary showing that his 2005 commercial burglary conviction met the definition of misdemeanor shoplifting under section 459.5, including that the burglary involved his taking or intent to take property worth $950 or less.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*).)  Defendant did not make this showing.  He presented no evidence with his petition, or at the hearing on the petition, supporting his claim that he was eligible for the Proposition 47 relief he was seeking.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

At the June 25, 2015, hearing on the petition, the People presented evidence, namely, the "original . . . probable cause declaration," confirming that the 2005 burglary involved defendant's cashing of a forged check in the amount of $1,871.55. Defendant did not dispute this evidence at the hearing. Though the record on appeal does not include the probable cause declaration, it ostensibly came from the court file and record of the 2005 conviction. Defendant's claim that the trial court was limited to considering the record of his 2005 conviction in ruling on his petition is therefore moot, because the court did not consider evidence outside the record of the 2005 conviction in ruling on the petition.

## II.  BACKGROUND

On June 29, 2005, a felony complaint was filed charging defendant, then 20 years of age, with commercial burglary (count 1), forgery (count 2), and grand theft (count 3), and alleging he had a prison prior based on a November 19, 2003, conviction for commercial burglary. The complaint alleged that, on or about June 27, 2005, defendant entered a commercial building occupied by Arrowhead Credit Union with the intent to commit larceny and a felony (count 1), signed the name of another person or a fictitious person to a personal check (count 2), and unlawfully took $1,871.55 from Arrowhead Credit Union (count 3).

On July 8, 2005, defendant pled guilty to one count of commercial burglary (§ 459) and was sentenced to 16 months in prison. Defendant stipulated that the police

3

report provided a factual basis for his plea. The police report is not part of the record on appeal.

On May 5, 2015, defendant petitioned the trial court to reduce his July 8, 2005, felony commercial burglary conviction to a misdemeanor pursuant to Proposition 47. (§§ 459.5, subd. (a), 1170.18, subds. (f), (g).)[2] On June 4, 2015, the People filed a response, opposing the petition on the ground defendant was not entitled to the relief he requested because: "Value over $950. Defendant entered credit union and cashed forged check for $1,871.55." At the June 25, 2015 hearing on the petition, counsel for the People noted: "I was able to look in the court file, and it appears that the amount of loss . . . was . . . $1[,]871.55 . . . ." Defendant did not object to the evidence from the "court file," and submitted the matter. The trial court then denied the petition, noting: "There is no police report, but there is the original of a probable cause declaration which does confirm that the amount of the forged check cashed was $1[,]871.55."[3]

---

[2] Also on May 5, 2015, defendant filed a petition in San Bernardino County Superior Court case No. FRE006521 to reduce his November 19, 2003, commercial burglary conviction to a misdemeanor pursuant to Proposition 47. That petition was denied, and defendant has appealed the denial of that petition in case No. E064195.

[3] The police report, which included the factual basis of defendant's 2005 guilty plea, was not presented to the trial court in connection with defendant's petition and is not part of the record on appeal.

III.  DISCUSSION

A.  *Statutory Background*

In November 2014, California voters approved Proposition 47, "The Safe Neighborhoods and Schools Act" (Proposition 47 or the Act), and it became effective the next day.  (Cal. Const., art. II, § 10, subd. (a).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*People v. Rivera* (2015) 233 Cal.App.4th 1081, 1091.)  Proposition 47 added a new sentencing provision, section 1170.18, to the Penal Code, and a new statute defining misdemeanor shoplifting, section 459.5.  (*People v. Rivera*, *supra*, at p. 1091; Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 5, 14, pp. 71, 73-74 <http://vig.cdn.sos.ca.gov/2014/general/pdf/complete-vig.pdf> [as of April 29, 2016].)

Under section 1170.18, subdivision (f), a person who has completed his or her sentence for a felony conviction that would have been a misdemeanor had the Act been in effect at the time the felony was committed may petition the trial court that entered the judgment of conviction to have the conviction designated a misdemeanor.  If the petition satisfies the criteria of section 1170.18, subdivision (f), the court "shall designate the felony offense . . . as a misdemeanor."  (§ 1170.18, subd. (g).)

Section 459.5, subdivision (a), defines "shoplifting" as "entering a commercial establishment with intent to commit larceny while that establishment is open during

5

regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary."[4] Shoplifting must be punished as a misdemeanor, unless the defendant has one or more disqualifying prior convictions. (*Ibid*.)[5]

B. *The Court Did Not Consider Evidence Outside the Record of the 2005 Conviction*

Defendant claims his petition was erroneously denied because "[n]othing in the record" of his 2005 felony commercial burglary conviction establishes that he admitted, or that the court that accepted his 2005 guilty plea found true beyond a reasonable doubt, that he intended to steal more than $950 at the time of the burglary. He maintains that, in determining whether a person is eligible for relief under section 1170.18, the trial court is limited to examining the record of conviction underlying the felony that the defendant seeks to have reclassified a misdemeanor. He principally relies on *People v. Bradford* (2014) 227 Cal.App.4th 1322 at pages 1338 to 1340, where the court concluded that, in

---

[4] The People do not dispute that the entry into a commercial establishment, including a bank, during normal business hours, with the intent to commit larceny, where the defendant intends to cash or cashes a forged check of $950 or less, constitutes shoplifting under section 459.5. (*People v. Root* (2016) 245 Cal.App.4th 353, 359-360.)

[5] In an attachment to his petition, defendant declared under penalty of perjury that he had no prior convictions that would disqualify him from having his 2005 felony conviction reduced to a misdemeanor, namely, a conviction described in section 667, subdivision (e)(2)(C), or a conviction requiring him to register as a sex offender under subdivision (c) of section 290. (§ 459.5, subd. (a); see also § 1170.18, subd. (a).) In their response, the People did not dispute this claim, and it was not questioned at the hearing on the petition.

Proposition 36 cases, the trial court is limited to examining the record of the defendant's prior conviction in determining whether the conviction renders the defendant ineligible to be resentenced under section 1170.126. (See also *People v. White* (2014) 223 Cal.App.4th 512, 524-525.)

Defendant further argues that "[n]either party bears a burden of proof on the question of eligibility [for relief under Proposition 47] because [section 1170.18] does not call for an evidentiary hearing. Instead, [the statute] provides for a sentencing hearing. Therefore, the trial court must look to the record of conviction to determine whether any findings were made showing the elements of the felony offense. If not, then the defendant would have been guilty of a misdemeanor under the Act."

Recently, in *People v. Perkins* (2016) 244 Cal.App.4th 129, this court questioned whether the trial court is limited to considering the record of the prior felony conviction in determining the defendant's eligibility for Proposition 47 relief. We said: "We recognize the Third District Court of Appeal held evidence submitted at a resentencing hearing under the Three Strikes Reform Act [Proposition 36] must be from the record of conviction. ([*People v.*] *Bradford*, *supra*, 227 Cal.App.4th at pp. 1339-1340.) However, eligibility for resentencing under that statute [section 1170.126] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses. (§ 1170.126, subd. (e).) By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the

7

stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue (Evid. Code, § 500), we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases. That does not mean there will be a mini-trial on the value of stolen property in every case, only that offenders may submit extra-record evidence probative of the value when they file their petitions for resentencing. [Citation.]" (*Id.* at p. 140, fn. 5.)

Here, it is unnecessary to determine whether the trial court was limited to considering the record of defendant's 2005 conviction in determining whether the conviction met the statutory definition of misdemeanor shoplifting under section 459.5, because in ruling on the petition the court *did not* consider any evidence outside the record of the 2005 conviction. Instead, it based its ineligibility determination solely on the "original . . . probable cause declaration" from the "court file" and *record of the 2005 conviction.*[6] The court noted that the probable cause declaration "confirm[ed]" that the 2005 burglary was based on defendant's cashing of a forged check in the amount of $1,871.55, rendering him ineligible to have his 2005 felony commercial burglary conviction reclassified as misdemeanor shoplifting. (§ 459.5.)

---

[6] A defendant who has pleaded guilty or no contest to a crime may not appeal from the judgment of the conviction unless the trial court has signed and filed a probable cause declaration. (§ 1237.5.)

8

C. *Defendant Failed to Meet His Burden of Proof on His Petition*

We disagree with defendant's additional claim that neither party bears the burden of proof on a Proposition 47 petition. To be entitled to the relief he sought in his petition, defendant had the initial burden of making a prima facie evidentiary showing to the trial court that his 2005 commercial burglary conviction would have constituted misdemeanor shoplifting, under section 459.5, had section 459.5 been in effect at the time he committed the burglary. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.)

As explained in *Sherow*, a party ordinarily has the burden of proving each fact the existence or nonexistence of which is essential to the claim for relief or defense the party is asserting. (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.) This rule is based on Evidence Code section 500,[7] which "places the burden of proof in any contested matter on the party who seeks relief. . . . 'That is, if you want the court to do something, you have to present evidence sufficient to overcome the state of affairs that would exist if the court did nothing.' [Citation.]" (*Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. omitted.) As *Sherow* further explained: "[I]t is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts upon which his or her eligibility is based. [¶] Applying the burden to [the petitioner] would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. . . . [¶] *A proper*

[7] Evidence Code section 500 states: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

9

*petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken.*" (*Sherow*, *supra*, at p. 880, italics added.)

In our recent decision in *People v. Perkins*, *supra*, 244 Cal.App.4th at pages 136 to 140, we followed *Sherow* and discussed in detail the petitioner's burden of proof on a Proposition 47 petition. We held that, though section 1170.18 "is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing [or reclassification of a felony conviction as a misdemeanor]," the statute requires the petitioner to "set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.] *The defendant must attach information or evidence necessary to enable the court to determine eligibility.*" (*People v. Perkins*, *supra*, at pp. 136-137, italics added.)

By his petition, defendant asked the court to change the status quo by reducing his 2005 felony commercial burglary conviction to a misdemeanor. He therefore had the burden of proving his eligibility for the relief he was requesting. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880; Evid. Code, § 500.) Defendant did not meet this burden. He offered no evidence, either with his petition or at the hearing on the petition, that his 2005 burglary conviction met the new statutory definition of misdemeanor shoplifting, including that the burglary involved his taking or intent to take no more than $950 in money or property. (Pen. Code, § 459.5, subd. (a).)

Additionally, and as discussed, the People adduced evidence that defendant was ineligible for the Proposition 47 relief he was seeking: the "original . . . probable cause declaration" from the record of defendant's 2005 conviction, which "confirm[ed]" that the 2005 burglary was based on defendant's act of cashing a forged check in the amount of $1,871.55. (§ 459.5.) Though the probable cause declaration is not part of the record on appeal, defendant did not dispute its authenticity in the trial court and does not dispute it here. Because defendant did not attempt to prove his eligibility for Proposition 47 relief and the People produced evidence from the record of the 2005 conviction that he was ineligible for such relief, the petition was properly denied.

## IV. DISPOSITION

The June 25, 2015, order denying defendant's Proposition 47 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

MILLER
        Acting P. J.

SLOUGH
        J.

11