Filed 9/8/16  P. v. McMullen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078899 |
| v. | (Super. Ct. No. 09CR15821) |
| MATTHEW MCMULLEN, | |
| Defendant and Appellant. | |

Defendant Matthew McMullen pleaded guilty to petty theft with a prior and admitted a prior strike conviction and a prior prison term.  The trial court ultimately sentenced him to five years in prison.

1

Defendant subsequently filed an application for resentencing pursuant to Penal Code section 1170.18,[1] a statute enacted with the passage of Proposition 47, the Safe Neighborhoods and Schools Act. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) The trial court denied the application without a hearing, ruling defendant's offense was not eligible for resentencing.

Defendant now contends the trial court erred and denied him due process by ruling, without a hearing, that his offense is not eligible for resentencing. He adds that any excess custody credit derived from granting his resentencing petition should be credited against the duration of his parole or his fines.

We conclude defendant failed to make a prima facie showing in his trial court application that he is eligible for resentencing under section 1170.18. Accordingly, the trial court did not err in denying the application without a hearing. The trial court was not obligated to search the record for evidence supporting a prima facie showing.

On the other hand, the trial court's application form did not provide space for allegations or evidence supporting the application and did not provide instructions on how to append such information to the application. In addition, our own review of the record discloses information that would support at least a prima facie case for eligibility. Under these unique circumstances, and in the interests of judicial economy, we will reverse the trial court's order and remand for a hearing on the petition. Because defendant's entitlement to resentencing has not been determined, we do not address his contention regarding custody credit.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

The facts of defendant's crime are taken from the factual basis for his plea. On August 11, 2009, defendant stole Cicero Johnson's backpack while Johnson was playing a slot machine at the Jackson Rancheria casino. Using car keys from the backpack, defendant entered Johnson's car and took various items belonging to Johnson.

Defendant pleaded guilty to petty theft with a prior (§ 666) and admitted a prior strike conviction (§§ 1170.12, 667, subds. (b)-(i)) and a prior prison term (§ 667.5, subd. (b)). The trial court initially sentenced defendant to three years eight months in state prison but resentenced him to a five-year term when defendant violated a *Cruz*[2] waiver. Although the trial court did not order a restitution amount at the time, the trial court noted it had received a request from Johnson claiming $800 in restitution. Johnson's claim for the items lost or damaged in the theft identified the following:

"Nokia - cell phone & leather cover $200.00

"Cell phone car adaptor $29.95

"Car key for Ford Escape (computer chip) $180.00

"Accu Check diabetes monitor $59.95

"$10 cash left in vehicle $10.00

"Black bag $29.95

"Proventil inhaler - Asthma $50.00

"Asmanex twisthaler - Asthma $32.00

"Acid reflux medicine - Protonic: Glipizide: Allopucinol $200.00

"IPod car adapter and holder $79.95"

The cost of replacement or repair for the items listed in the restitution claim totals $871.80. There is no explanation as to why a lesser amount was sought for restitution.

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

Defendant subsequently filed a section 1170.18 application for resentencing. He used a form application apparently made available to him by the trial court. Defendant stated under penalty of perjury on the form that his felony offense had been reclassified as a misdemeanor, but the form did not give him a space to allege that the property he stole was worth less than $950 (the new definition of misdemeanor petty theft), nor did it instruct him to attach any additional evidence or allegations necessary to make a prima facie showing of eligibility for resentencing. Defendant did not submit any attachments with the form application, but he did request a hearing.

The prosecutor filed a form response to defendant's application, asserting that the offense was not eligible for resentencing. Unlike defendant, the prosecutor attached an addendum to the form explaining that the reason defendant was not eligible was that the property he stole was worth $1,055 and thus exceeded the $950 misdemeanor threshold. But like defendant, the People did not attach any supporting evidence.

The trial court denied the application without a hearing, stating defendant's offense was not eligible for resentencing.

DISCUSSION

Defendant contends the trial court erred and denied him due process by ruling, without a hearing, that his offense is not eligible for resentencing.

Proposition 47, which was enacted three days before the second sentencing hearing in this case, requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §3, p. 70.) Among the affected crimes is petty theft with a prior, which, barring certain exceptions not relevant here, is a misdemeanor. (See §§ 666, 490.) Following Proposition 47, petty theft is defined as "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) . . . ." (§ 490.2.)

4

The passage of Proposition 47 also created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47.  (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 14, pp. 73-74.)

Defendant argues the initial determination of eligibility for section 1170.18 resentencing "cannot resolve questions of fact or look beyond the record of conviction." According to defendant, Johnson's restitution claim showed that the value of the stolen items was less than $950, while the People's assertion that the items were worth $1,055 had no evidentiary basis in the court file or the probation report.  Arguing that the trial court could not resolve any conflict in the evidence at that stage of the proceeding, defendant contends the trial court was required to hold an evidentiary hearing as a matter of due process.

In response, the Attorney General cites *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*).  The defendant in *Perkins* was convicted of several offenses, including felony receipt of stolen property (§ 496, subd. (a)) based on receiving a stolen credit card. (*Perkins,* at pp. 133-134.)  The defendant subsequently submitted a form requesting section 1170.18 resentencing.  (*Perkins,* at p. 135.)  The form said the value of the stolen property did not exceed $950, but it did not identify the stolen property or attach evidence or include citations to the record of conviction to support the assertion that the property did not exceed $950 in value.  (*Ibid.*)  The trial court denied the petition, stating only that "defendant has 'multiple residential burglaries [¶] 459 1st degrees -- 11378 HS -- 496 PC with losses over $950 -- all not qualifying.' " (*Ibid.*)  It did not explain the basis of its finding that the stolen property exceeded $950 in value.  (*Ibid.*)

On appeal, the defendant argued there was insufficient evidence that the value of the stolen item exceeded $950. (*Perkins, supra*, 244 Cal.App.4th at p. 135.) The Court of Appeal held that pursuant to Evidence Code section 500, the defendant had the burden to establish eligibility for resentencing. (*Perkins,* at p. 136.) "In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.] The defendant must attach information or evidence necessary to enable the court to determine eligibility. [Citation.]" (*Id*. at pp. 136-137.)

Although the defendant's application form in *Perkins* said the value of the stolen property did not exceed $950, it did not indicate the factual basis for that claim. (*Perkins, supra*, 244 Cal.App.4th at p. 137.) It did not describe the stolen credit card or indicate that the credit card was the sole basis for the conviction. (*Ibid*.) And it did not provide citations to the record of conviction directing the trial court to such evidence. (*Ibid*.) "The petition provided no information whatsoever on the nature and value of the stolen property to aid the superior court" in determining whether the defendant was eligible for resentencing. (*Ibid*.) As a result, the defendant's petition did not meet his burden of showing eligibility for resentencing on his receiving stolen property conviction. (*Ibid*.)

Here, defendant had the burden in his application to make a prima facie showing of eligibility for resentencing under section 1170.18. (Evid. Code, § 500; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.) Absent such a prima facie showing, the trial court was entitled to deny the application without a hearing. (*Perkins, supra*, 244 Cal.App.4th at p. 139.) Defendant failed in his burden because he did not set out a case for eligibility in his application. He did not state or show that the value of the stolen property did not

6

exceed $950, and he did not provide a way for the trial court to determine eligibility. (*Id*. at pp. 136-137.)

Defendant contends he should not be required to present any additional information because he provided all the information required by the form used for section 1170.18 petitions in Amador County, including checking the box for requesting a hearing on the matter. It is true that the application form made available to defendant in this case did not provide space for allegations or evidence supporting the application and it did not provide instructions on how to append such information to the application. While the format of the application form did not relieve defendant of his obligation under the law to establish a prima facie showing of eligibility for relief, we are sympathetic to parties who might assume that use of a court-supplied application form would provide the court with the information needed to make an informed decision on the application.

The court in *Perkins* addressed a similar situation, recognizing that the defendant in that case "may have been misled" regarding the requirements for seeking relief under Proposition 47. (*Perkins, supra*, 244 Cal.App.4th at p. 139.) The court explained: "Though Evidence Code section 500 establishes petitioners have the burden of establishing eligibility, Proposition 47 itself is silent on the point and the courts had not made the connection explicit until after defendant had filed his petition. Moreover, Proposition 47 is silent as to the submission of evidence or information to support an application for resentencing. In addition, the form defendant used to petition includes no space for and no directions to include evidence or information regarding the value of stolen property. Even the revised form the superior court now provides omits any discussion or directions about submitting evidence. [Citation.] In short, when defendant filed his petition, the ground rules were unsettled. For that reason, we follow the court in *Sherow*[, *supra*, 239 Cal.App.4th 875] in affirming the order denying the petition 'without prejudice to subsequent consideration of a properly filed petition.' [Citation.] In any new petition, defendant should describe the stolen property and attach some

7

evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins, supra*, 244 Cal.App.4th at pp. 139-140.)

The same reasoning applies in this case, except that here our own review of the record -- a record the trial court was not required to inspect -- discloses information that would support at least a prima facie case for eligibility. Under these unique circumstances, and in the interests of judicial economy, we will not require defendant to file another petition for resentencing. We will reverse the trial court's order and remand for a hearing on the petition. In so doing, we do not decide whether defendant is ultimately entitled to resentencing. That is for the trial court to determine.

Because defendant's entitlement to resentencing has not been determined, we do not address his contention regarding custody credit.

DISPOSITION

The order denying the application for resentencing is reversed and the matter is remanded for a hearing on the application.

/S/
MAURO, J.

We concur:


/S/
ROBIE, Acting P. J.


/S/
DUARTE, J.

8